# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | **Chapter 13** |
| | : | |
| **Lonnie Dean Carpenter,** | : | **Case No. 4:19-03194–MJC** |
| | : | |
| **Debtor.** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# O P I N I O N

Pending before the Court is the Amended Application for Allowance of Compensation to Attorney for Chapter 13 Debtor ("Application") filed by Debtor's Counsel, Mr. C. Stephen Gurdin, Jr., Esquire ("Counsel" or "Mr. Gurdin"), Dkt. # 172, and the Objection to the Amended Application ("Objection") filed by the Chapter 13 Trustee ("Trustee"), Dkt. # 177. Mr. Gurdin seeks approval of $36,691.40 in compensation and reimbursement of expense of $753.42 for the period from April 29, 2019 through December 16, 2022 ("Compensation Period").[1] The Trustee in his Objection argues that the fees are excessive and that Mr. Gurdin seeks payment of his fees and costs from Debtor <u>outside</u> of the Chapter 13 Plan process and <u>after</u> Debtor receives his discharge and bankruptcy "fresh start."

For the reasons stated below, the Application will be reduced and compensation in the amount of $20,011.80 and reimbursement of expenses of $753.42 will be approved. The Court further notes that the award of fees and costs to Mr. Gurdin may be subject to Debtor's discharge that should be entered soon as the case is almost completely administered. Accordingly, any payment by Debtor of Mr. Gurdin's fees and costs would be strictly voluntary. Further, Mr. Gurdin's Application, which is almost ten times the standard Chapter 13 fee, is concerning to the

---

[1] The Application does not state whether this is a final or interim Application. However, at the hearing on the Application, Mr. Gurdin indicated it was a final Application and he would not be seeking any additional compensation from Debtor relating to this case. July 18, 2023 Transcript at 12; Dkt. # 188.

Court as it was requested at the end of the case without any notice that such exorbitant fees would be sought from Debtor.

## I.    JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and the March 11, 2016 Standing Order of Reference of the United States District Court for the Middle District of Pennsylvania.  This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. §1409(a).

## II.    PROCEDURAL AND FACTUAL HISTORY

### 1.    <u>The Bankruptcy Case</u>

Because of the staggering amount requested in the fee request of Counsel, it is necessary to outline the history, facts, and circumstances in this Chapter 13 case in order to determine whether there is any basis for the payment of these extraordinarily high fees.

Debtor Lonnie Dean Carpenter ("Debtor") initiated this bankruptcy case by filing a voluntary Chapter 13 petition on July 25, 2019.  Dkt. # 1.  After requesting two extensions of time, Debtor filed his schedules, statements, and other required documents, including his Chapter 13 plan, on September 3, 2019.  *See* Dkt. #s 15-20.

According to Schedule A/B, Debtor owns two (2) parcels of land totaling 128 acres, which includes his residence and other structures ("Property").  *See* Dkt. # 15.  "Parcel 1" is identified as a 67-acre parcel which includes Debtor's residence and is valued at $650,000.  "Parcel 2" is identified as a 61-acre parcel with a barn, garage, mobile home, and pole barn valued at $500,000 (total value of the Property is $1,150,000).  Debtor also lists two used vehicles, a backhoe and a

2

tractor.  *Id.*  Debtor does not list any bank accounts but does have a "Net Spend card, joint with Brenda Hartman" having a balance of $99.00.  *Id.*

On Schedule D, Debtor lists the following obligations secured against the Property: (i) 4 loans owed to BB&T[2] totaling $707,202.15, and (ii) 4 obligations owed to the Bradford County Tax Claim Bureau ("Bradford County") totaling $35,878.86.  *Id.*  He also lists an obligation owed to Santander Consumer USA ("Santander") in the amount of $43,864 secured by a 2016 Jeep.  *See Id.*

Only 8 creditors filed proofs of claim.  Bradford County Tax Claim Bureau filed 2 claims totaling $21,601.85 for unpaid real estate taxes.  *See* Claims 1 and 2.  Susquehanna filed a secured Claim # 8 in the amount of $711,444.49, as amended.  Santander filed a partially secured claim in the amount of $43,864.28 (secured by the 2016 Jeep).  *See* Claim 4.  The 4 remaining claims totaled approximately $1,100.

As per Schedules I and J, Debtor is employed as a "pipeliner" with a local union earning $9,403.85 gross income per month.  *Id.*  Debtor also lists other miscellaneous income totaling $1,380.  Schedule I reflects a total monthly income in the amount of $10,108.07 after tax and payroll deductions.  Schedule J indicates total monthly expenses of $10,007.68 with $6,004.68 of mortgage payments.[3]  Accordingly, there is a monthly net income of $100.39 available to fund Debtor's Chapter 13 Plan.[4]

---

[2] BB&T is abbreviated for Branch Banking & Trust Company.  According to filed proofs of Claim, BB&T sold or assigned its rights to Susquehanna Capital Management, LLC ("Susquehanna").  *See* Claims 8-1 and 8-2.  From the loan documents attached to the Claims it appears that Susquehanna Bank was the original lender to Debtor and after assignments and mergers Susquehanna is current holder of the loans and the Court shall hereafter refer to Susquehanna as such.

[3] Schedule J indicates that Debtor has a household of 2 – Debtor and his girlfriend.  On Schedule I the girlfriend is listed as contributing $430 and $300 to the household.  There is nothing in the record as to why there are 2 "contributions" listed.

[4] Schedules I and J were amended on February 11, 2022 (Dkt. # 71) and indicate that Debtor was unemployed, and his net monthly income was $309.48.

3

On September 3, 2019, Debtor filed his Chapter 13 plan ("Plan"). Dkt. # 17. The Plan provided, *inter alia*, for payments of $100 per month for 24 months and $1,360.55 for 36 months for a total base amount of $51,379.80.[5] The Plan also provided for the payment of estimated proceeds of $500,000 to BB&T from the sale of Parcel 2 on or before July 31, 2020 and if Parcel 2 did not sell, it would be surrendered. *See* Plan at §1.B. The Plan did not propose any cure of arrears on Debtor's mortgages but did include arrears of $21,824.37 to Bradford County and $15,928.46 to Santander on the 2016 Jeep loan, to be paid through the Plan. The Plan further provided for payment of attorney's fees upon application and approval by the Court. *Id.* at §3.A.2. The Plan was confirmed on January 31, 2020. *See* Dkt. # 31.

This case followed a convoluted path over the years with certain events highlighted below:

1.    On July 31, 2020, Debtor filed a Motion to Sell Parcel 2 for $400,000 to a third party. Dkt. # 32. There were no objections and by Order dated September 1, 2020, the Court approved the Motion to Sell. Dkt. # 35. Ultimately, this sale did not close.

2.    On December 23, 2021, Debtor filed a Motion Seeking Approval to Lease a portion of Parcel 2 for the purpose of generating solar power ("Solar Lease Motion"). Dkt. # 51.

3.    On January 7, 2022, Debtor filed a Motion for Leave to Amend the Plan to account for the surrender of a vehicle and funding from the proposed solar lease. Dkt. # 53.

4.    Secured creditor Susquehanna filed objections to the Solar Lease Motion (Dkt. # 55) and Motion for Leave to Amend the Plan (Dkt. # 56) and filed a Motion for Relief from Stay (Dkt. # 57) based upon Debtor's failure to sell Parcel 2, pay the $500,000 under the Plan, or surrender Parcel 2.

---

[5]  The Plan indicates that three gas wells were being drilled and Debtor anticipated additional income within two years to justify the "step-up" in payments of $1,260.55.

4

5. By order dated February 24, 2022, the Court denied the Solar Lease Motion without prejudice, because, *inter alia*, the full lease was not attached to the motion and therefore the Court was unable to assess the terms of Solar Lease. Dkt. # 85.

6. Debtor filed 4 additional Motions to Amend the Plan (Dkt. #'s 62, 97, 103, 167). [6]

7. On February 8, 2022, Debtor filed an Objection to Susquehanna's Proof of Claim. Dkt. # 61.[7] Susquehanna amended its Claim on March 10, 2022 to $711,444.49. Debtor again objected on March 17, 2022. Dkt. # 92.

8. On June 4, 2022, Debtor filed a Motion to Sell the Property to Debtor's son Noah J. Carpenter and two other individuals at a price to pay Susquehanna a net of $550,000 ("Motion to Sell"). Dkt. # 102.

9. On June 5, 2022, Debtor filed a Second Motion Seeking Approval to Lease a portion of the Property for the purpose of generating solar power ("Second Solar Lease Motion"). Dkt. # 105. Debtor also filed a Motion to Seal Administrative Lease. Dkt. # 106.[8] Even though Debtor filed a motion to sell the Property the day before, the Second Solar Lease Motion was filed specifically with the intent of assigning the Solar Lease to the third-party buyers of the Property and not for the benefit of Debtor or the bankruptcy estate. *See* Dkt. # 106 at ¶22.

10. By Order dated July 28, 2022, the Court approved the Motion to Sell. Dkt. # 138. Susquehanna agreed to accept the proceeds from the sale and withdrew its Claim. *See* Dkt. # 142.

---

[6] None of the Plan Amendments referenced Debtor's accruing of counsel fees. The Fifth Motion, which was filed after the Application, was taken under advisement pending disposition of this Application.

[7] Debtor acknowledges that a state court judgment was entered in favor of Susquehanna on June 21, 2019 in the amount of $702,201.34 plus costs in the Pennsylvania Court of Common Pleas, Bradford County. *Id.* at ¶ 5.

[8] Amended Motions of both of these pleadings were filed on June 12, 2022. *See* Dkt. # 113, 114.

5

11.     The case docket is replete with amended pleadings that appear to be mistakes of counsel (*See* Dkt. #'s 78, 109, 113, 114, 119, 126, 127, 133, 154, 172 and 182).   Debtor's counsel filed unnecessary Motions for Default (Dkt. #'s 117 and 135) and Amended Sale Notices (Dkt. #'s 119 and 126).   Attached to Dkt. # 117 was an Entry of Default counsel prepared falsely inserting the Clerk's signature and Official Stamp.   *See* Order to Appear and Show Cause, Dkt. # 131.

12.     A review of the Trustee's financial report indicates that Debtor has made payments totaling $4,345.84 into the Plan for distribution to creditors.[9]   The final payment was made on July 25, 2023.  The Trustee's report lists a balance on hand of $191.08.

What the above background indicates is that this case really was not complicated.  It was a case that contemplated the sale of all or a portion of Debtor's Property in order to satisfy the one (1) secured creditor and real estate taxes.  What is concerning to the Court is that Debtor's counsel embarked upon an unbridled billing expedition that was of questionable benefit to Debtor and the bankruptcy estate.  What is even more troubling is the fact that Mr. Gurdin's legal fees were not disclosed until the end of the case and were never provided to be paid through the Plan as an administrative expense as is usual and customary in a Chapter 13 case.  The Court has great difficulty saddling Debtor with an attorney bill of almost $40,000 where he should be obtaining a "fresh start" after being in bankruptcy for 5 years.

## 2.     Debtor's Counsel's Fee Application

On February 26, 2023, Mr. Gurdin filed his Fee Application.  Dkt. # 150.   The Trustee Objected to the Fee Application and filed an Amended Objection on March 9, 2023.  Dkt. # 155 and 157.  On May 2, 2023, Mr. Gurdin filed an Amended Fee Application seeking approval of

---

[9] This amount represents the total payments provided for in the Debtor's 5th Amended Plan (Dkt. # 167-1) that is pending before the Court.

6

$36,691.40 in compensation and reimbursement of expense of $753.42 for the period from April 29, 2019 through December 16, 2022 ("Compensation Period"). Dkt. # 172. Mr. Gurdin indicates that he already received a retainer of $4,882 and seeks compensation based upon an hourly rate for him of $360 that was increased to $420 during the pendency of the case without any explanation, and $142 per hour for his paralegal.

Attached to the Application is Mr. Gurdin's Retention Agreement with Debtor dated May 3, 2019. Dkt. # 172-3. The Retention Agreement consists of 13 pages and outlines the conditions of Mr. Gurdin's retention. Much of it is "boilerplate" but the essential terms are that $4,882 is required as a retainer before the case can be filed, the "estimated base fee" is $7,582, and, relevant here are the statements, "[i]n the event that the base fee has been exhausted, these items will be billed separately through the plan", *Id.* at 7, and "[t]he Trustee will save up the payments, and out of this money pay the balance if any, of additional attorney fees approved by the court on [a] fee application …" *Id.* at 8-9.

Also attached to the Application is an "Approval of Debtor," signed by Debtor, indicating that Debtor has reviewed the Application, consents to the charges and agrees that Mr. Gurdin can be paid outside the plan. Dkt. 172-4. [10]

The Trustee filed an Objection on May 22, 2023. Dkt. # 177. Mr. Gurdin then filed a 60-page Answer, Dkt. # 181, and an Amended Answer the next day, Dkt. # 182. A hearing was held on the Fee Application on July 18, 2023, and the matter was taken under advisement. Debtor did not appear at the hearing on the Application.

---

[10] Mr. Gurdin also filed a Motion to Seal certain proposed documents that evidence Mr. Gurdin's billing practices in non-bankruptcy matters. Dkt. # 173. After a hearing held on June 1, 2023, the Motion to Seal was denied as there was no basis to have the documents filed under seal. Dkt. # 185. Mr. Gurdin could have simply redacted any information he deemed privileged or confidential.

7

## III. LEGAL STANDARD

The Third Circuit Court of Appeals has instructed that a Bankruptcy Court has a "*duty* to review fee applications, notwithstanding the absence of objections." *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original). "Disagreeable as the chore may be, the bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." *Id.* at 844 (citing *Cohen & Thiros, P.C. v. Keen Enterprises, Inc.*, 44 B.R. 570, 573 (N.D. Ind. 1984)). Here, as discussed more fully below, it appears as though the Court must protect the interests of Debtor as Mr. Gurdin has planned this case so that Debtor may be obligated to pay his staggering bill (or bills) outside of the Chapter 13 plan process after he obtains his discharge under 11 U.S.C. §1328(a).

The Court has previously written on attorney's fees in Chapter 13 cases and, accordingly, the legal analyses in *In re Badyrka*, 2022 WL 4656034 (Bankr. M.D. Pa. 2022) and *In re Thomas*, 2023 WL 6885827 (Bankr. M.D. Pa. 2023) are incorporated herein. A brief review of the relevant legal analysis is set forth below.

Under the Bankruptcy Code, compensation of professionals is governed by Section 330. In Chapter 13 cases, the Court may award "reasonable compensation" to debtor's counsel, taking into account "the nature, the extent, and the value of such services." 11 U.S.C. §330(a)(3). Under §330(a)(3), the Court must consider:

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

8

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3)(A)-(F).

Also relevant in Chapter 13 cases is Section 330(a)(4)(B), which governs the circumstances where an attorney provides services that benefit the individual debtor, rather than the bankruptcy estate. It provides:

In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. §330(a)(4)(B).

For requests for compensation, the burden of proof rests on the applicant to establish that the fees earned are reasonable. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 261 (3d Cir. 1995) (citing *In re Metro Transp. Co.*, 107 B.R. 50, 53 (E.D. Pa. 1989)); *In re Pochron*, 2022 WL 1085459, at *2 (Bankr. S.D. Ohio 2022); *In re Murray*, 2007 WL 2317523, at *2 (Bankr. E.D. Pa. 2007). "This burden is not to be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors or use by [the] debtor." *In re Pettibone Corp.*, 74 B.R. 293, 299 (Bankr. N.D. Ill. 1987) (citing *In re Hotel Associates, Inc.*, 15 B.R. 487, 488 (Bankr. E.D. Pa. 1981)).

9

In connection with its analysis of "reasonableness," the Court must determine if the "services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." 11 U.S.C. §330(a)(3)(C); *see also In re Martinez,* 2024 WL 1059078, at *3-4 (Bankr. D.N.M. 2024) (services rendered must be necessary for benefit of estate or debtors). A bankruptcy court has "broad discretion" to determine reasonable attorneys' fees, as the "bankruptcy court is more familiar with the actual services performed and has a far better means of knowing what is just and reasonable than an appellate court can have." *In re ASARCO, L.L.C.*, 751 F.3d 291, 294 (5th Cir. 2014) (citing *In re Lawler*, 807 F.2d 1207, 1211 (5th Cir. 1987) (internal quotation marks and citation omitted)); *In re Smith*, 331 B.R. 622, 628 (Bankr. M.D. Pa. 2005).

In determining a reasonable fee, the calculation most frequently used is the lodestar method, which, simply stated, multiplies the number of expended hours by the hourly rate. *Smith*, 331 B.R. at 628 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Under lodestar, courts frequently assess whether the services were provided in a cost-efficient manner. *See In re Szymczak*, 246 B.R. 774, 782 (Bankr. D. N.J. 2000) ("Simply because an attorney spent time, does not mean it is compensable or that counsel used the most economical means of rendering the services.").

Courts also look to ensure that an applicant has delegated tasks that do not require a senior attorney's expertise to less expensive attorneys or paralegals, *Szymczak*, 246 B.R. at 783, and that administrative tasks are billed at appropriate rates, *see Busy Beaver*, 19 F.3d at 855 ("[w]hen an experienced attorney does clerk's work, he or she should be paid clerk's wages") (quoting *In re Vogue*, 92 B.R. 717, 718 (Bankr. E.D. Mich. 1988)). Tasks such as "obtaining hearing dates, filing pleadings, copying, exhibit preparation, forwarding documents, preparing a certificate of service

and ordering a transcript" are clerical in nature, can be accomplished by non-lawyers, and consequently, should be billed at paralegal or office staff rates. *In re Oakes*, 135 B.R. 511, 514 (Bankr. N.D. Ohio 1991). This type of review is necessary so that the costs of administration do not consume assets that otherwise would be available to creditors. *See Badyrka*, 2022 WL 4656034, at *10 (citing *In re Fontaine*, 2015 WL 5162557, at *3 (Bankr. M.D. Pa. 2015)).

The bottom line is that attorneys are expected to exercise reasonable billing judgment. *See Busy Beaver*, 19 F.3d at 856; *Szymczak*, 246 B.R. at 783. This involves "writing off unproductive research time, duplicative services, redundant costs precipitated by overstaffing, or other expenses with regard to which the professional generally assumes the cost as overhead in corresponding non-bankruptcy matters." *Busy Beaver*, 19 F.3d at 856.

In reviewing fee applications, the court must "conduct an objective inquiry based upon what services a reasonable lawyer or legal firm would have performed in the same circumstances." *In re Fleming Companies, Inc.*, 304 B.R. 85, 89 (Bankr. D. Del. 2003) (quoting *In re Cenargo Int'l, PLC*, 294 B.R. 571, 595 (Bankr. S.D.N.Y. 2003)) (internal quotations omitted). A "judge's experience with fee petitions and his or her expert judgment pertaining to appropriate billing practices, founded on an understanding of the legal profession, will be the starting point for any analysis." *Id.* (citing *Busy Beaver*, 19 F.3d at 854). The Court should then consider any evidence submitted with the application or at a hearing. *Id.* When making its consideration, the court is not required to make a line-by-line analysis of the fee application, and a sampling will suffice. *In re Maruko Inc.*, 160 B.R. 633, 645 (Bankr. S.D. Cal. 1993). "Because its time is precious, the reviewing court need only correct reasonably discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled." *Busy Beaver*, 19 F.3d at 845.

Additionally, a fee applicant's failure to exercise billing judgment will result in reduction of fees where, in the sound discretion of the bankruptcy court, such fees are unreasonable. *In re Maxine's, Inc.*, 304 B.R. 245, 249 (Bankr. D. Md. 2003). "The exercise of billing judgment is the voluntary reduction of a fee by counsel to a private client for services that either conferred a negligible benefit or were excessive." *Id.* (citing *In re Leonard Jed Co.*, 103 B.R. 706, 713 (Bankr. D. Md. 1989)). "Such billing judgment is an absolute requirement of fee applications in bankruptcy." *Maxine's*, 304 B.R. at 249.

In evaluating a fee application, "[a] bankruptcy court must balance adequately compensating attorneys in order to encourage competent counsel to represent bankruptcy debtors with insuring that the costs of administration do not consume assets that otherwise would be available to creditors. … The court's responsibility to protect the estate is especially important in chapter 13 cases where there is little motivation for a debtor, or creditors, to object to a particular fee allowance." *Fontaine*, 2015 WL 5162557, at *3 (quoting *Szymczak*, 246 B.R. at 778).

With these standards in mind, the Court will review Mr. Gurdin's Application.

## IV. DISCUSSION

In his Objection, the Trustee essentially raises two (2) issues: (1) "that the overall fees charged are excessive where this is the First Fee Application in the case, and Applicant has already received $4,882 as a retainer;" and (2) that payment of the requested fees "entirely outside of the Chapter 13 Plan would deprive the debtor of a fresh start." Dkt. # 177 at ¶¶ 19-20. As the payment of fees outside the Plan denies the Debtor a "fresh start," the Court will address that issue first.

A.   **The Payment of Counsel Fees Deprives Debtor of a Fresh Start**

The Bankruptcy Code's purpose has been described as providing the honest but unfortunate debtor a fresh start.  *See Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 367 (2007); *Grogan v. Gardner*, 498 U.S. 279, 286-87 (1991); *In re Cohn*, 54 F.3d 1108, 1113 (3d Cir. 1995).  "Chapter 13 authorizes an individual with regular income to obtain a discharge after the successful completion of a payment plan approved by the bankruptcy court." *Marrama*, 549 U.S. at 367.  Here, the issue before the Court is whether Debtor, after navigating through a Chapter 13 case for 5 years, should be saddled with an undisclosed $37,000 legal bill <u>after</u> he obtains his discharge and "fresh start."  In order to determine the answer to this question, a review of the applicable parts of the Bankruptcy Code is required.

Generally, debtor's attorney fees are administrative expenses entitled to priority under §507(a)(2) and must be provided for in the plan.  *In re Busetta–Silvia*, 314 B.R. 218, 222-23 (B.A.P. 10th Cir. 2004).  Section 1322(a)(2) states that, a Chapter 13 plan shall "provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim."  Section 507(a)(2) affords second priority (after domestic support obligations) to "administrative expenses allowed under section 503(b)."  Section 503(b)(2) affords administrative expense priority for "compensation and reimbursement awarded under section 330(a)."  Reading these sections together, attorney's fees that are awarded under §330(a) are entitled to second priority under §507(a)(2) and must be paid in full under the terms of the Chapter 13.[11]

---

[11]  Local Bankruptcy Rule 2016-2(a) also provides that "[a]fter the petition is filed, an attorney may not receive payment of fees except through the chapter 13 plan, unless payment is otherwise approved by the Court."

As Mr. Gurdin is likely aware, the Trustee is in possession of only $191.08 to fund his fees. He is seeking payment outside of the Plan for the large balance due and not from the estate. However, as discussed below, Debtor's Plan provides for the entry of a discharge under §1328(a). "Once confirmed, the plan rules; it becomes the binding mechanism for all the parties under §1327." *In re Jaworski*, 2018 WL 6287969, at *3 (Bankr. D. Minn. 2018). As there is no provision in Debtor's Plan for any attorney fees to be paid "outside" the Plan, they are subject to be discharged upon entry of Debtor's discharge. *See In re Conner*, 559 B.R. 526, 532 (Bankr. D.N.M. 2016).

In a case factually similar to the matter *sub justice*, the Court in *Jaworski, supra,* found that where the debtors had completed their plan payments and there were not sufficient funds left with the Chapter 13 Trustee, the debtors' counsel's fees in excess of $8,000 were subject to being discharged under §1328(a). The *Jaworski* Court found that:

> Ultimately, an attorney is his client's advocate as well as his client's creditor. Just as many creditors will rarely be paid 100 cents on the dollar for their claims against a debtor's estate, an attorney who accepts a debtor as a client must do so with the full knowledge of the possibility that he, too, may be unable to collect 100 cents on the dollar for his claims against the debtor's bankruptcy estate – particularly when he fails to work successfully within the confines of the very law he practices.

> In the world of bankruptcy, the plan reigns supreme; its contents provide guidance to the Court, the debtor(s), the trustees, and the creditors concerning the administration of the bankruptcy estate. Under §1327(a), "the provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. §1327(a). Therefore, when a debtor's plan properly includes a provision discharging any debts provided for by the plan as soon as possible after a debtor completes payments under the plan, the creditors – including the debtor's attorney – are bound by that language. Finding otherwise would go against the entire foundation of bankruptcy: giving debtors the opportunity for a fresh start.

*Jaworski*, 2018 WL 6287969, at *4.

Case 4:19-bk-03194-MJC    Doc 189    Filed 09/30/24    Entered 09/30/24 17:11:35    Desc
Main Document    Page 14 of 38

At the hearing, the Court asked Mr. Gurdin to explain how Debtor is expected to pay his fee where the Plan contemplates a $4,000 legal fee and now he is faced with fees and costs close to $40,000. *See* Dkt. # 188 at 10. Mr. Gurdin responded:

> I agreed to allow the debtor sufficient time to pay this; I do that frequently in large cases. It doesn't have to be paid through the plan. He's happy with my services, and will pay that. I have another one, owes me 47,000, paying me seven fifty a month. I'm happy as a clam with that. He might be able to -- after the case is all finished, he would agree to pay me something per month toward that.

*Id.* This "loose" payment arrangement after being in a bankruptcy case for over 5 years, is concerning to the Court as it was not disclosed anywhere until the end of the case and it clearly impedes Debtor's "fresh start." It is also contrary to the Confirmed Plan.

In responding to the Trustee's Objection regarding denying the Debtor his "fresh start," Mr. Gurdin states "[t]he mere fact the debtor consents to and seeks approval of counsel fees but still emerges with the ability to function as a positive member of society is substantial evidence that he has a fresh start. It is this ability that follows the bankruptcy process that is the true meaning of the fresh start." Dkt. # 182 at ¶ 20. The Court is not sure what that means. Mr. Gurdin does not cite to any authority for that proposition and the Court is unclear on how emerging from bankruptcy with a $32,000 balance on a legal bill is evidence of a fresh start.

Here, Debtor's Chapter 13 bankruptcy case essentially accomplished the sale of the Property and relief from the corresponding secured debt.[12] Debtor's Confirmed Plan, as modified many times by Mr. Gurdin, contained a provision for the payment of attorney's fees through the Plan.[13] Until the late filed Amended Fee Application was filed, there was no indication by Debtor

---

[12] As no funds from the sale of the Property were paid into the Plan or distributed to any other creditor besides secured and real estate related claims, this could have been accomplished with the mere surrender of the Property and avoidance of Mr. Gurdin's fees.

[13] Mr. Gurdin's retention letter also provides that his fees would be paid through the Plan. Dkt. # 170-3 at 7, 8-9 ("In the event that the base fee has been exhausted, these items will be billed separately through the

or Mr. Gurdin that the fees would be paid outside the Plan. [14]  Accordingly, the fees can only be paid through the Plan to the extent the Plan has funds.  Any excess owed to Mr. Gurdin would be subject to be discharged under §1328(a).[15]  *See In re Long*, 560 B.R. 728, 731 (Bankr. W.D. Mich. 2016).

Based upon the above, the payment of Mr. Gurdin's fees and costs, as an administrative expense, are limited under the terms of the Confirmed Plan to the amount on hand by the Trustee ($191.08).  Further, now that Debtor has completed his payments under the Plan, pursuant to §1329(a), the plan cannot be modified to provide that the attorney's fees survive the discharge.

However, the fact of imminent discharge does not prevent the Court from determining the amount of allowance.  *See, e.g., In re Sweports, Ltd.*, 777 F.3d 364, 365 (7th Cir. 2015) (bankruptcy court should determine attorney's entitlement to fees, even if not ordering payment of fees); *In re Kavanaugh*, 2016 WL 3355850, at *1 (Bankr. D. Me. 2016) (court allowed attorney fees under §330(a), whether or not attorney was entitled to payment).  Accordingly, the Court remains tasked with determining what constitutes "reasonable" and "necessary" fees under §330(a) in this case.

---

plan" and "the Trustee will save up the payment, and out this money pay the balance if any. Of additional attorney fees …").  Mr. Gurdin's retention letter makes clear that fees above the paid retainer would be paid through the Plan.

[14] At the hearing on this matter, Debtor did not appear or testify.  Mr. Gurdin indicated that Debtor did agree to pay his fees outside the bankruptcy case.  *See* Dkt. # 172-4.  Although he has no obligation to pay, pursuant to 11 U.S.C. §524(f) a debtor can <u>voluntarily</u> pay any debt discharged in his case.  However, the Court is concerned that Debtor may not be aware or fully comprehend that he has no legal obligation to pay any fees or claims that have been discharged.

[15] Mr. Gurdin has acknowledged this: "[S]o that when there is a discharge, everything will be wiped."  Dkt. # 188 at 8.

**B.      Mr. Gurdin's Request for Counsel Fees Is Excessive and There is No Benefit to the Estate for Certain Matters**

In complete agreement with the Third Circuit as how "disagreeable" the chore may be, "the bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." *Busy Beaver,* 19 F.3d at 844 (citing *Cohen & Thiros, P.C. v. Keen Enterprises, Inc.,* 44 B.R. 570, 573 (N.D. Ind. 1984)).  The Third Circuit in *Busy Beaver* set forth the Court's obligation with respect to reviewing fee applications.  In this case, the amount of fees requested by counsel in this Chapter 13 case, for the reasons set forth below, are not "reasonable compensation" under the Bankruptcy Code.

The presumptively reasonable fee ("PRF") in this District for a Chapter 13 case is $4,500.00. See L.B.R. 2016-2(c).[16]  The Court acknowledges that the instant case is not one in which counsel has chosen to utilize the presumptively reasonable fee method for billing and practitioners are under no obligation to employ the PRF.  However, as this Court has previously stated, it considers the PRF as a guide or "starting point" to what should be considered a reasonable fee in a routine Chapter 13 case in this District. *See Badyrka*, 2022 WL 4656034, at *6 (citing *In re Schuman*, 2013 WL 1195279, at *6 (Bankr. N.D.N.Y. 2013) (describing presumptive fee as "pre-calculated lodestar" and utilizing it as starting point for review of lodestar fee applications)). It is Counsel's burden to support the "reasonableness" of billing almost ten (10) times the PRF in this case.  Therefore, the Court questions the "reasonableness" of Mr. Gurdin's billing and also how much of the legal work was "necessary."

---

[16]   The PRF is an alternative method of billing that recognizes that generally speaking, many services rendered in Chapter 13 cases are "standard," and therefore, streamlines the billing process by forgoing formal fee applications and hearings.

17

Like the Court's review and analyses of fee applications in *Badyrka* and *Thomas*, *supra*, Mr. Gurdin's Invoice contains many entries that do not reflect a proper delegation of duties, has excessive amounts billed to tasks, contains charges to address errors made by counsel, and has billings for non-billable administrative tasks. In addition to the billing issues, the Trustee raised an objection that much of the work performed did not benefit the bankruptcy estate. Mr. Gurdin indicated that that the benefit was that he was able to "save the family farm." Dkt. # 188 at 16. However, upon questioning at the hearing, Mr. Gurdin admitted that Debtor lost all his interest in the farm property when it was sold to his son and 2 third parties.

> THE COURT: …. So I'm not sure from his perspective this was a good deal. You mentioned retaining the family farm, but I'm not sure the family farm has actually been retained for Mr. Lonnie Dean Carpenter. Perhaps you can expand upon that.
>
> MR. GURDIN: If the farm had been liquidated, there would have been no benefit to anyone except the secured lender. The royalties would be lost. The solar lease –
>
> THE COURT: But, Mr. Gurdin, the benefits are lost as to Lonnie Carpenter.
>
> MR. GURDIN: Yes, I agree.
>
> THE COURT: Okay. So if this sale was accomplished to some unrelated third party, would you still be -- would you still be as happy with the results?
>
> MR. GURDIN: No.
>
> THE COURT: So I'm trying to understand your rationale for indicating that this has been a great benefit for the debtor.
>
> MR. GURDIN: Okay, that's my response.

*Id*. at 60-61. Mr. Gurdin also indicated that "I put together the financing package." *Id*. at 60. However, this appears to have only benefited the buyers of the Property and not Debtor or the bankruptcy estate.

Case 4:19-bk-03194-MJC    Doc 189    Filed 09/30/24    Entered 09/30/24 17:11:35    Desc
Main Document    Page 18 of 38

Mr. Gurdin has the burden to show that his fees are reasonable and were "reasonably likely to benefit the debtor's estate." 11 U.S.C. §330(a)(4)(A)(ii)(II).[17]  Based upon the above testimony, the Court concludes that at least as to the sale of the farm property (which included Debtor's home) and assignment of solar lease, Mr. Gurdin did not meet his burden as there was no benefit to Debtor or Debtor's bankruptcy estate.  It is clear that the sale benefited only the secured creditor, real estate tax claims, and Debtor's son.  Further, the results of the case appear to be that Debtor entered the case with approximately $1,000 in unsecured debt (per the filed Proofs of Claim) and would exit the case with a $32,000 legal bill balance if Mr. Gurdin's Application is approved.[18]

"The [Supreme] Court in *Hensley* admonished that attorneys, in applying for fees, 'should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.'"  *In re Stromberg,* 161 B.R. 510, 517 (Bankr. D. Colo. 1993) (quoting *Hensley,* 461 U.S. at 432-34).  The *Stromberg* Court went on to state that "[n]ot every hour or part of an hour spent by an attorney is 'billable' and it is incumbent on the attorney to exercise 'billing judgment' when submitting applications to the court."  *Id.*

Against this backdrop, the Court has undertaken a detailed review of Mr. Gurdin's Invoice and has designated certain of Mr. Gurdin's time entries on the attached marked-up Invoice as work that should have been delegated to a paralegal as "P", non-billable or overhead as "O", excessive time spent as "E" with an appropriate deduction, counsel error as "CE", and lastly as no benefit to

---

[17]  Section 330(a)(4)(B) allows the Court to award fees for services rendered to the debtor (in addition to the estate) "based on consideration of the benefit and necessity of such service to the debtor and the other factors set forth in this section."  However, there does not appear to be any benefit to Debtor as he lost the Property without any compensation.  In connection with the sale, the purchasers of the Property (Debtor's son and 2 third parties) benefited from Mr. Gurdin's work.

[18] Although the Court approved the sale of the Property based upon Mr. Gurdin's representations that it was in the best interests of Debtor and the estate, there was no disclosure at the time of Mr. Gurdin's staggering fees.

Debtor or the Estate "NB". The Court has made these determinations, based upon a thorough review of the case docket and its experience not only as Judge in this District reviewing other attorney fee applications, but also based upon being a former Chapter 7 Trustee and practicing in this District for thirty (30) years. *See Busy Beaver*, 19 F.3d at 854 ("…a bankruptcy judge's experience with fee petitions and his or her expert judgment pertaining to appropriate billing practices, founded on an understanding of the legal profession, will be the *starting point* for any analysis." (emphasis in original)).

A glaring example of "overreach" in the billing records is Mr. Gurdin's request to be paid for correcting an error made by him. Mr. Gurdin connected to the incorrect "Zoom" link relating to a hearing on a Motion for Relief and as a result the Court granted the Motion as unopposed. Counsel filed a Motion for Reconsideration, Dkt. # 72, and billed over $1,500 (time 2/13/22 – 2/16/22) for work to fix his error. Debtor should not bear the cost of this mistake. *See In re Martinez,* 2024 WL 1059078, *4 (Bankr. D.N.M. 2024) ("work done to correct mistakes is not considered necessary") (citing cases); *In re Ryan,* 517 B.R. 905, 909 (Bankr. E.D. Wis. 2014) (services necessitated by law firm's clerical or legal errors do not benefit debtors, are not reasonable and should not be compensated). The amount for these time entries has been disallowed.

Similarly, Counsel's time records indicate $1,141.80 in charges relating to a Second Solar Lease and Motion to Seal. This time was admittedly meant to preserve value for the buyers of the Property and did not benefit Debtor or the Estate and shall be disallowed.

As set forth on the marked-up Invoice, the total reductions are $16,679.60. Based on the above findings, the Court concludes that the amount allowed as an administrative claim to Mr.

Gurdin for compensation is $20,011.80 after excluding the reductions, and for reimbursement of expenses is $753.42 for the period from April 29, 2019 through December 16, 2022.

## V. CONCLUSION

For the reasons set forth above, and after considering the totality of the circumstances, the Court finds that Mr. Gurdin's Application is excessive and hereby reduces compensation requested therein to the sum of $20,011.80 and reimbursement of expenses in the sum of $753.42 for the period from April 29, 2019 through December 16, 2022, subject to further reduction by the retainer and/or any funds previously paid by Debtor or on his behalf. Although it would appear that Mr. Gurdin's fees would be subject to Debtor's discharge, as the discharge has not been entered as of this date, the Court shall exercise judicial restraint and not rule on that issue.

Pursuant to Fed. R. Bankr. P. 2017,[19] Mr. Gurdin may request another hearing addressing the Court's findings on this matter by filing an appropriate motion within 14 days of the date of the Order that accompanies this Opinion. *See also Busy Beaver*, 19 F.3d at 845-846.

An appropriate order will be entered.

By the Court,

Mark J. Conway, Bankruptcy Judge
Dated: September 30, 2024

---

[19] The Advisory Committee Notes for this Rule, states that this Rule "is premised on the need for and appropriateness of judicial scrutiny of arrangements between a debtor and his attorney to protect the creditors of the estate and the debtor against overreaching by an officer of the court who is in a peculiarly advantageous position to impose on both the creditors and his client."

CARPENTER, LONNIE
detailed statement

CE = Non-Billable - Counsel Error
E = Excessive
NB = No Benefit to Estate/Debtor
O = Overhead
P = Paralegal

| # | Date | Client | Timekeeper | Description | TIME SPENT $360/HR | CSG $360 rate/HR | CSG $420 rate/HR | time spent $420/hr | MB rate $142/hr | MB time spent $142.60/hr | CSG Slip Value $345 | CSG SLIP VALUE $360 | CSG SLIP VALUE $420/HR | MB slip value $142 | total fee$ | costs/expense and costs | Reduction |
|---|------|--------|------------|-------------|---------------------|------------------|------------------|--------------------|------------------|--------------------------|---------------------|----------------------|------------------------|--------------------|------------|-------------------------|-----------|
| 1 | Date | | | | | | | | | | | | | | | | |
| 2 | 4/29/19 | Carpenter, Lonnie | MB | prepare retainer letters | | | | | $142.00 | 0.2 | | | | $28.40 | | | 28.40 O |
| 3 | 5/2/19 | Carpenter, Lonnie | MB | phone call to client confirm appointment | | | | | $142.00 | 0.1 | | | | $14.20 | | | 14.20 O |
| 4 | 5/13/19 | Carpenter, Lonnie | MB | organize file | | | | | $142.00 | 0.6 | | | | $85.20 | | | 85.20 O |
| 5 | 5/14/19 | Carpenter, Lonnie | MB | prepare petition | | | | | $142.00 | | | | | | | | |
| 6 | 5/23/19 | Carpenter, Lonnie | MB | prepare schedules | | | | | $142.00 | 0.5 | | | | $71.00 | | | |
| 7 | 5/24/19 | Carpenter, Lonnie | MB | prepare schedules | | | | | $142.00 | 1.2 | | | | $170.40 | | | |
| 8 | 6/13/19 | Carpenter, Lonnie | MB | prepare schedules | | | | | $142.00 | | | | | | | | |
| 9 | 6/17/19 | Carpenter, Lonnie | MB | prepare schedules | | | | | $142.00 | 0.2 | | | | $28.40 | | | |
| 10 | 6/17/19 | Carpenter, Lonnie | MB | call to Brenda Hartman as to expenses | | | | | $142.00 | 0.1 | | | | $14.20 | | | |
| 11 | 6/17/19 | Carpenter, Lonnie | CSG | prepare schedules | 2.0 | $360.00 | | | | | | $720.00 | | | | | |
| 12 | 6/19/19 | Carpenter, Lonnie | CSG | prepare plan | 2.5 | $360.00 | | | | | | $900.00 | | | | | |
| 13 | 6/19/19 | Carpenter, Lonnie | MB | email to debtor requesting paystubs; phone call to creditor, who may be B&B, left message asking whom they represent and why they called | | | | | $142.00 | 0.1 | | | | $14.20 | | | |
| 14 | 7/19/19 | Carpenter, Lonnie | MB | prepare Acknowledgement for Notary | | | | | $142.00 | 0.1 | | | | $14.20 | | | |
| 15 | 7/19/19 | Carpenter, Lonnie | MB | Send email to Brenda Hartman requesting additional paystubs | | | | | $142.00 | 0.1 | | | | $14.20 | | | |
| 16 | 8/5/19 | Carpenter, Lonnie | MB | call from Jessica Sadler 202-661-7658 at Ballard Spahr, DC office email saddlerj@ballardspahr.com, confession of judgment entered in June, total owed $1mil, will ... | | | | | $142.00 | 0.1 | | | | $14.20 | | | |
| 17 | 7/23/19 | Carpenter, Lonnie | CSG | review confession of judgment object to everything | 0.3 | $360.00 | | | | | | $108.00 | | | | | |
| 18 | 7/25/19 | Carpenter, Lonnie | CSG | review confession of judgment | 0.3 | $360.00 | | | | | | $108.00 | | | | | |
| 19 | 7/25/19 | Carpenter, Lonnie | CSG | review tax claim notices | 0.2 | | | | | | | $72.00 | | | | | |
| 20 | 7/25/19 | Carpenter, Lonnie | CSG | review loan documents | 0.5 | $360.00 | | | | | | $180.00 | | | | | |
| 21 | 7/25/19 | Carpenter, Lonnie | CSG | review schedules | 1.0 | $360.00 | | | | | | $360.00 | | | | | |
| 22 | 7/25/19 | Carpenter, Lonnie | CSG | revise proposed plan | 1.2 | $360.00 | | | | | | $432.00 | | | | | |
| 23 | 7/25/19 | Carpenter, Lonnie | MB | filing costs | | | | | | | | | | | | $310.00 | |
| 24 | | | | counseling costs | | | | | | | | | | | | $39.00 | |
| 25 | | | | credit report | | | | | | | | | | | | $33.00 | |
| 26 | 7/25/19 | Carpenter, Lonnie | CSG | review judgments and calculate per diem and interest to filing | 2.5 | $660.00 | | | $142 | 0.1 | | $255.00 | | | | | 545.00 P |
| 27 | 7/25/19 | Carpenter, Lonnie | CSG | review and revise plan | 1.5 | $360.00 | | | | | | $540.00 | | | | | 540.00 E |
| 28 | 7/29/19 | Carpenter, Lonnie | CSG | Prepare fax to Bradford County invoking stay | | | | 0.1 | $142.00 | | | | | | | | |
| 29 | 7/29/22 | Carpenter, Lonnie | MB | Revise schedules | | | | 0.3 | $142.00 | | | | | $42.60 | | | |
| 30 | 7/31/19 | Carpenter, Lonnie | MB | Revise schedules | | | | 0.1 | $142.00 | | | | | $14.20 | | | |
| 31 | 7/31/19 | Carpenter, Lonnie | MB | prepare plan summary | | | | 0.5 | $142.00 | | | | | $71.00 | | | |
| 32 | 7/31/19 | Carpenter, Lonnie | MB | Prepare Plan Send email to Brenda Hartman requesting additional paystubs | | | | 0.1 | $142.00 | | | | | $14.20 | | | |
| 33 | 8/5/19 | Carpenter, Lonnie | MB | Send email to Brenda Hartman requesting additional paystubs; send fax with Notice of BK Case Filing to Prothonotary | | | | 0.1 | $142.00 | | | | | $14.20 | | | |
| 34 | 8/6/2019 | Carpenter, Lonnie MB | MB | Prothonotary | | | | | | | | | | | | | |

Page Subtotal - $1,212.80

CARPENTER, LONNIE
detailed statement

| # | Date | Timekeeper | Description | E | F | G | H | I | J | K | L | N | O | P | Reduction |
|---|------|------------|-------------|---|---|---|---|---|---|---|---|---|---|---|-----------|
| 35 | 8/6/2019 | Carpenter, Lon M8 | prepare motion to extend time to file Schedules | | | | $142.00 | 0.2 | | | | $28.40 | | | |
| 36 | 8/8/2019 | Carpenter, Lon M8 | Review Schedules and plan with CSG | | | | $142.00 | 0.1 | | | | $14.20 | | | |
| 37 | 8/8/2019 | Carpenter, Lon M8 | prepare fax to Sullivan Trail Abstractors | | | | $142.00 | 0.2 | | | | $28.40 | | | |
| 38 | 8/13/2019 | Carpenter, Lon M8 | requesting lien search | | | | $142.00 | 0.1 | | | | $14.20 | | | |
| 39 | 8/13/2019 | Carpenter, Lon M8 | revise schedules | | | | $142.00 | 0.2 | | | | $28.40 | | | |
| 40 | 8/13/2019 | Carpenter, Lon M8 | revise plan | | | | $142.00 | 0.2 | | | | $28.40 | | | |
| 41 | 8/13/2019 | Carpenter, Lon M8 | revise plan summary | | | | $142.00 | 0.1 | | | | $14.20 | | | |
| 42 | 8/21/2019 | Carpenter, Lon M8 | revise schedule G | | | | $142.00 | 0.1 | | | | $14.20 | | | |
| 43 | 8/21/2019 | Carpenter, Lon CSG | Review schedules, plan and related docs with CSG | | | | | | | | | | | | |
| 44 | 8/23/2019 | Carpenter, Lon | revise plan | | | | | | | | | | | | |
| 45 | 8/23/2019 | Carpenter, Lon | revise schedules | | | | | | | | | | | | |
| 46 | 8/26/2019 | Carpenter, Lon M8 | write letter to client enclosing docs for review | | | | $142.00 | .2 | 6 | | | $85.20 / $170.40 | | | E - 1/2 85.20 |
| 47 | 8/27/2019 | Carpenter, Lon | postage | | | | | | | | | | | 52.75 | |
| 48 | 8/27/2019 | Carpenter, Lon | postage | | | | | | | | | | | 50.98 | |
| 48 | 8/30/2019 | Carpenter, Lon M8 | prepare second Application to Extend Time to File Schedules | | | | $142.00 | 0.1 | | | | $14.20 | | | |
| 49 | 9/3/2019 | Carpenter, Lon M8 | meet with client to sign schedules, statements and plan | | | | $142.00 | 0.3 | | | | $42.60 | | | |
| 50 | 9/3/2019 | Carpenter, Lon M8 | file Schedules and statements | | | | $142.00 | 0.3 | | | | $42.60 | | | |
| 51 | 9/3/2019 | Carpenter, Lon M8 | file plan | | | | $142.00 | 0.1 | | | | $14.20 | | | |
| 52 | 9/3/2019 | Carpenter, Lon M8 | file paystubs | | | | $142.00 | 0.1 | | | | $14.20 | | | |
| 53 | 9/3/2019 | Carpenter, Lon M8 | file cert of execution of rights and responsibilities | | | | $142.00 | 0.1 | | | | $14.20 | | | |
| 54 | 9/3/2019 | Carpenter, Lon M8 | file request for payment and compensation | | | | $142.00 | 0.3 | | | | $14.20 | | | |
| 55 | 9/3/2019 | Carpenter, Lon M8 | file pre cert | | | | $142.00 | 0.1 | | | | $14.20 | | | |
| 56 | 9/16/2019 | Carpenter, Lon M8 | send e-mail to Cindy requesting CMA | | | | $142.00 | 0.1 | | | | $14.20 | | | O 14.20 |
| 57 | 9/26/2019 | Carpenter, Lon M8 | letter to client with filed documents | | | | $142.00 | 0.2 | | | | $28.40 | | | O 14.20 |
| 58 | 9/26/2019 | Carpenter, Lon M8 | send email to Brenda Hartman asking where she sent the mortgage payments due. | | | | $142.00 | 0.2 | | | | $28.40 | | | O 14.20 |
| 59 | 9/30/2019 | Carpenter, Lon M8 | resolve Trustee's objection to plan | | | | $142.00 | 0.2 | | | | $28.40 | | | O 14.20 |
| 60 | 9/30/2019 | Carpenter, Lon M8 | send email to Aggie requesting explanation of Chuck's objection to form 2016(b) | | | | $142.00 | 0.2 | | | | $28.40 | | | O 28.40 |
| 61 | 10/1/2019 | Carpenter, Lon CSG | phone call to Trustee's office. Can they return mortgage payments that client mailed to Trustee | | | $560.00 | | 0.2 | | | | $28.40 | | | O 28.40 |
| 62 | 10/1/2019 | Carpenter, Lon CSG | email to Brenda to send copies of the checks for September and October | | $560.00 | | | 0.1 | | $56.00 | | $14.20 | | | P 21.80 |
| 63 | 10/1/2019 | Carpenter, Lon CSG | review email from Brenda showing that she has sent $4900 postpetition mortgage payments to the Trustee instead of sending them to BB&T. | | $466.00 | | | 0.1 | | $46.00 | | | | | E;O 36.00 |
| 64 | 10/1/2019 | Carpenter, Lon CSG | review statements from Bank and notes to determining and check the correct amount of the postpetition loan payments due. | 0.3 | $466.00 | | | | | $106.50 | | $42.60 | | | P 65.40 |
| 65 | 10/1/2019 | Carpenter, Lon M8 | call Trustee asking them to return mortgage payments that Brenda Hartman sent to Trustee in error | | | | $142.00 | 0.3 | | | | $42.60 | | | |
| 66 | 10/1/2019 | Carpenter, Lon M8 | call Brenda and give amount of each check and address for payment to BB&T | | | | $142.00 | 0.2 | | | | $28.40 | | | |
| 67 | 10/1/2019 | Carpenter, Lon M8 | call Brenda to object to confusion as to method of billing on 2016(b) as compared with Plan | | | | $142.00 | 0.1 | | | | $14.20 | | | |
| 68 | 10/1/2019 | Carpenter, Lon M8 | send email to Jessica Saddler; Debtor will mail 2 checks tomorrow. Does she have an overnight address? | | | | $142.00 | 0.1 | | | | $14.20 | | | |
| 69 | 10/1/21 | Carpenter, Lon CSG | respond to Agatha that we are using ridestar and fee app | | | | | | | | | | | | |
| 70 | 10/1/19 | Lonnie Carpenter | postage | | | | | | | | | | | $0.98 | |

Page Subtotal - $343.80

Reduction totals:
P — 21.80
P — 65.40
E;O — 36.00
P — 21.80
O — 28.40
O — 14.20
O — 14.20
O — 14.20
O — 14.20
E - 1/2 85.20

CARPENTER, LONNIE
detailed statement

| No. | Date | Timekeeper | Code | Description | Hrs | F | H | J | L | N | Reduction |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 71 | 10/3/19 | Carpenter, Lonnie | CSG | email follow up to Brenda to send copies of checks to bank, date sent and where sent. | 0.1 | $460.00 | $142 | | | $14.20 | P 21.80 |
| 72 | 10/3/19 | Carpenter, Lonnie | CSG | another email follow-up to Brenda to send copies of checks to bank, date and where sent. | 0.1 | $460.00 | $142 | | $46.00 | $14.20 | P 21.80 |
| 73 | 10/3/19 | Carpenter, Lonnie | CSG | copies of checks to bank, date sent and where sent. | | | | | | | |
| 74 | 10/10/19 | Carpenter, Lonnie | M8 | send email to Brenda Hartman stating where to send payments on Jeep. | | $142.00 | $142.00 | 0.1 | | $14.20 | O 14.20 |
| 75 | 10/11/19 | Carpenter, Lonnie | M8 | send email to Brenda Hartman regarding where to send mortgage payments directly to lender | | | $142.00 | 0.5 | | $71.00 | |
| 76 | 10/11/19 | Carpenter, Lonnie | M8 | send email to Jessica Sadler: Did client make 2 mortgage payments? | | | $142.00 | 0.3 | | $42.60 | |
| 77 | 12/9/19 | Carpenter, Lonnie | M8 | phone call from client asking for verification regarding amount that need to be paid at this time. Explain where lender has directed him to send mortgage payments. Need Trustee payment prior to confirmation hearing | | | $142.00 | 0.3 | | $42.60 | |
| 78 | 3/10/20 | Carpenter, Lonnie | M8 | phone call from client. He is receiving gas royalties. Advised client that he is 7 payments behind on the mortgage. He needs to catch up. Client has potential buyer for pig barn. Transferred call to CSG | | | $142.00 | -0.3 -0.1 | | -$42.60 | E 28.40 |
| 79 | 3/17/20 | Carpenter, Lonnie | M8 | prepare agreement for sale of hog barn to Landis Zimmerman | 2.5 -1.5 | $560.00 | $142.00 | 0.2 | $900.00 / $1,260.00 | $28.40 | E 360.00 |
| 80 | 3/19/20 | Carpenter, Lonnie | M8 | prepare agreement for sale of hog barn to Landis Zimmerman | | $560.00 | $142.00 | | $14.20 | | |
| 81 | 3/20/20 | Carpenter, Lonnie | CSG | call from Dave Brann as to some proposed revisions | 0.3 | $560.00 | $142.00 | 0.1 | $108.00 | | |
| 82 | 3/25/20 | Carpenter, Lonnie | CSG | phone call to client. Office is open, but we are working remotely | | $560.00 | $142.00 -0.1 | | $108.00 | -$42.60 / -$285.60 | E 213.00 |
| 83 | 4/4/20 | Carpenter, Lonnie | M8 | write letter to client re suspension of plan payments | | | $142.00 -1.8 | | | -$42.60 / -$285.60 | O 14.20 |
| 84 | 4/4/20 | Carpenter, Lonnie | M8 | Write letter to client re what to pay during BK payments - mortgage payments due to corona virus | | | $142.00 | 0.3 | | $42.60 | |
| 85 | 4/4/20 | Carpenter, Lonnie | M8 | received and review marked up agreement with hand written interlineations for proposed revisions | | | $142.00 | 0.3 | $108.00 | $42.60 | |
| 86 | 4/8/20 | Carpenter, Lonnie | CSG | email agreement as to the changes and suggest that Dave prepare the final form of agreement | 0.3 | $560.00 | | | $108.00 | | |
| 87 | 4/8/20 | Carpenter, Lonnie | CSG | email from Lonnie with copy of check to BB&T and check to Trustee | 0.1 | $460.00 | $142 | | $46.00 | $14.20 | P 21.80 |
| 88 | 4/13/20 | Carpenter, Lonnie | CSG | email from Jessica Sadler as to payment of the lender this month | 0.1 | $460.00 | $142 | | $46.00 | $14.20 | P 21.80 |
| 89 | 4/13/20 | Carpenter, Lonnie | CSG | send copies of checks to Jessica Sadler | 0.1 | $460.00 | $142 | | $46.00 | $14.20 | P 21.80 |
| 90 | 4/13/20 | Carpenter, Lonnie | CSG | email from Jessica Sadler as to payment of the remaining loans after sale of the hog barn | 0.1 | $460.00 | $142 | | $46.00 | $14.20 | P 21.80 |
| 91 | 4/13/20 | Carpenter, Lonnie | CSG | telephone conference with Lonnie as to questions about the plan, payment on the Rubicon, effect of a payoff, and payment of the three smaller loans | 0.4 | $560.00 | $142 | | $144.00 | $42.60 | |
| 92 | 4/13/20 | Carpenter, Lonnie | CSG | detailed response to Jessica as to payment of the three other loans and possible amendment to plan to make direct payments after distribution of the sale proceeds | 0.1 | $460.00 | | | $46.00 | | P 21.80 |
| 93 | 4/13/20 | Carpenter, Lonnie | CSG | revise agreement of sale to Zimmerman in accordance with Dave Brann markup | 0.3 | $560.00 | | | $108.00 | | |
| 94 | 4/15/20 | Carpenter, Lonnie | CSG | email revised agreement of sale to Dave Brann with copy to Lonnie with comments | 0.5 | $560.00 | | | $180.00 | | |
| 95 | 4/15/20 | Carpenter, Lonnie | CSG | email revised agreement of sale to Lonnie with comments | | $360.00 | | | $36.00 | | |
| 96 | 4/25/20 | Carpenter, Lonnie | CSG | send hard copy of agreement of sale to Lonnie with SASE | 0.2 | $360.00 | | | $72.00 | | O 72.00 |

CARPENTER, LONNIE
detailed statement

| A | B | C | D | E | F | I | J | L | N | O | Q (code) | Reduction |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 97 | 5/11/20 Lonnie | CSG | email to Lonnie as to receipt of hard copy of agreement | 0.1 | $360.00 | | | $36.00 | | | O | 36.00 |
| 98 | 5/11/20 Lonnie | CSG | email from Jessica Sadder as to status of agreement, details of agreement and plans for plan following closing as well as application of proceeds | 0.1 | $360.00 | | | $36.00 | | | | |
| 99 | 5/11/20 Lonnie | CSG | email response from Debtor, has agreement will sign and mail it back today, screen shot of checks for trustee and bank | 0.1 | $360.00 | $142 | | $36.00 | $14.20 | | P | 21.80 |
| 100 | 5/11/20 Lonnie | CSG | detailed response to Jessica as to acreage, price, surface only, lease, application of proceeds, positioning strategy for remaining mortgages and plan term | 0.1 | $360.00 | | | $36.00 | | | | |
| 101 | 7/29/20 Lonnie | CSG | review lien search | 0.2 | $360.00 | | | $72.00 | | | | |
| 102 | 7/29/20 Lonnie | CSG | email Jessica Sadder for BB&T as to free and clear | 0.5 | $360.00 | | | $180.00 $360.00 | | | E - 1/2 | 180.00 |
| 103 | 7/29/20 Lonnie | CSG | review and invoice free and clear email Dave Brann as to need for PIN and a per forma HUD for Jessica Sadder and mention lease of additional 30 acres of land to buyer to allow buyer to grow food for hogs, will draft lease when have rent, term and legal description from Lonnie | 1.0 | $360.00 | | | $360.00 | | | | |
| 104 | 7/30/20 Lonnie | CSG | email Dave Brann as to need for PIN and working on a lease of 30 acres subject to bank's assignment of lease. Also discuss application of proceeds of the sale on the 4 secured loans in order to obtain the most efficient payment method for the substantial balances that will remain | | | | | | | | | |
| 105 | 7/30/20 Lonnie | CSG | email Jessica with estimated net proceeds. Indicate I have requested a per forma HUD from Dave Brann and am working on a lease of 30 | | | | | | | | | |
| 106 | 7/30/20 Lonnie | CSG | review 4 mortgage satisfactions | | | | 0.1 | $72.00 | $14.20 | $14.20 | | |
| 107 | 7/30/20 Lonnie | MB | email from Dave Brann office for deed | 0.1 | $360.00 | $142 | | | $14.20 | | | |
| 108 | 7/31/20 Lonnie | CSG | email to Jessica Sadder with revised estimate of net to secured lender | 0.1 | $360.00 | $142 | | $36.00 | $14.20 | | | |
| 109 | 7/31/20 Carpenter, Lonnie | | postage | | | | | | | $0.98 | | |
| 110 | 7/31/20 Lonnie | | postage | | | | | | | $0.70 | | |
| 111 | 7/31/20 Lonnie | | postage motion for sale free and clear | | | | | | | $27.44 | | |
| 112 | 8/7/20 Lonnie | MB | email from Dave Brann office with PIN for deed | 0 | $360.00 | $142 | 0.1 | $252.00 | $42.60 | | P | 65.40 |
| 113 | 8/23/20 Lonnie | CSG | draft affidavit of disinterestedness to buyer | 0.1 | $360.00 | $142 | | | $14.20 | | P | 21.80 |
| 114 | 8/23/20 Lonnie | CSG | email affidavit of disinterestedness to buyer, request it back by Monday 8/24/20 | 0.1 | $360.00 | $142 | | $108.00 | $14.20 | | P | 65.40 |
| 115 | 8/23/20 Lonnie | CSG | call Lonnie and leave voice mail as to need for affidavit of disinterestedness as to buyer by 8/24/20 | 0.1 | $360.00 | $142 | | $36.00 | $14.20 | | P | 21.80 |
| 116 | 8/24/20 Carpenter, Lonnie | CSG | follow up email to Lonnie with affidavit attached no response having been received | 0.1 | $360.00 | $142 | | $36.00 | $14.20 | | P | 21.80 |
| 117 | 8/24/20 Carpenter, Lonnie | CSG | follow up phone call to Lonnie left voice mail no response having been received and time being of the essence | | | $142 | | $36.00 | $14.20 | | P | 21.80 |
| 118 | 8/24/20 Carpenter, Lonnie | CSG | receive executed affidavit of disinterestedness from Lonnie | | | $142 | | $36.00 | $14.20 | | P | 21.80 |
| 119 | 8/24/20 Carpenter, Lonnie | CSG | email affidavit of disinterestedness to Aggie and request whether she wants it filed of record | | | $142 | | $36.00 | $14.20 | | P | 21.80 |
| 120 | 9/1/20 Carpenter, Lonnie | CSG | make final revisions to exceptions and reservation in deed to buyer | 0.1 | $360.00 | $142 | | $56.00 | $14.20 | | P | 21.80 |
| 121 | 9/1/20 Lonnie | CSG | receive and review free and clear order, reservation in deed to buyer | 0.3 | $360.00 | | | $108.00 | | | | |

Page Subtotal - $477.60

CARPENTER, LONNIE detailed statement

**Reduction**

| # | Date | Name | Init. | Description | Hrs | Amt | | Red (H) | | | Amt (K) | | Red (N) | | |
|---|------|------|-------|-------------|-----|-----|--|--------|--|--|---------|--|--------|--|--|
| 122 | 9/2/20 | Carpenter, Lonnie | CSG | email from Justine Wolf at Dave Brann's firm with proposed revised deed hopefully in final form | 0.2 | $560.00 | | | | | $72.00 | | | | |
| 123 | 9/2/20 | Carpenter, Lonnie | CSG | email fire and clear order and proposed deed to Dave Brann with copy to Jessica Sadler and Lonnie and ask for details on lease of acreage to Lands to grow Wolf for his hogs | 0.1 | $560.00 | | | | | $56.00 | | | | |
| 124 | 9/2/20 | Carpenter, Lonnie | CSG | call from Dave Brann as to last commitment of buyer $25k short and failed septic test. Buyer is wavering on continuing with the deal. I suggested sending me the septic test report and asking buyer to contact FSA/USDA for a loan, as well as getting me any other loan packages that buyer has received. Dave will also get me the interest rate on the loan commitment by AgChoice. I will ask lender whether they would object to a $25k price reduction. | 0.3 | $560.00 | | | | | $108.00 | | | | |
| 125 | 9/3/20 | Carpenter, Lonnie | CSG | email to Jessica Sadler as to possible $25k reduction in price | 0.1 | $560.00 | | | | | $56.00 | | | | |
| 126 | 9/3/20 | Carpenter, Lonnie | CSG | response from Jessica that she would object to the price reduction | 0.1 | $560.00 | | | | | $56.00 | | | | |
| 127 | 9/3/20 | Carpenter, Lonnie | CSG | response to Jessica that we would not file a motion for free and clear for the reduced amount if BB&T would object | 0.1 | $560.00 | | | | | $56.00 | | | | |
| 128 | 9/3/20 | Carpenter, Lonnie | CSG | email from Jessica that Lonnie has not paid the mortgage since May | 0.1 | $560.00 | | | | | $56.00 | | | | |
| 129 | 9/3/20 | Carpenter, Lonnie | CSG | email to Lonnie as to post petition mortgage payments, what he can pay today and what he can pay when he gets his royalty check this month | 0.1 | $560.00 | | | | | $56.00 | | | | |
| 130 | 9/8/20 | Carpenter, Lonnie | CSG | call from Dave Brann, his client wants his deposit back | 0.1 | $560.00 | | | | | $56.00 | | | | |
| 131 | 9/8/20 | Carpenter, Lonnie | CSG | email to Jessica Sadler asking her to discuss the reduction in the purchase price with her client | 0.1 | $560.00 | | | | | $56.00 | | | | |
| 132 | 9/8/20 | Carpenter, Lonnie | CSG | email to Dave Brann as to contact with BB&T counsel as to a price reduction | 0.1 | $560.00 | | | | | $56.00 | | | | |
| 133 | 9/8/20 | Carpenter, Lonnie | CSG | email to Lonnie as to septic test and whether he agrees to the price reduction if BB&T does | 0.1 | $560.00 | | | | | $56.00 | | | | |
| 134 | 9/8/20 | Carpenter, Lonnie | CSG | response from Lonnie that septic works fine and the the price is a good price and Lands knows this | 0.1 | $560.00 | | | | | $56.00 | | | | |
| 135 | 9/8/20 | Carpenter, Lonnie | CSG | email to Lonnie advising that it looks like the deal is dead unless: (I)BB&T agrees to the price reduction for they have not,(ii) he agrees to accept the price reduction and (iii)Lands agrees to accept the property as is(so far buyer has not agreed). Failing in this it is time to start looking for another buyer | 0.1 | $560.00 | | | | | $56.00 | | | | |
| 136 | 9/11/20 | Carpenter, Lonnie | CSG | email from Jessica Sadler as to phone consult concerning direct mortgage pays or lack thereof and any conference with Jessica at 4 today | 0.1 | $560.00 | | | | | $56.00 | | | | |
| 137 | 9/11/20 | Carpenter, Lonnie | CSG | reply ok as to 4 o'clock conference. Ask if there can be any movement on the price to accommodate the buyer | 0.1 | **$460.00** | | $142 | | | **$46.00** | | $14.20 | | |
| 138 | 9/11/20 | Carpenter, Lonnie | CSG | email to Lonnie to get me copies of both sides of cancelled checks for June and July direct mortgage pays | 0.1 | **$460.00** | | | | | **$46.00** | | | | |
| 139 | 9/11/20 | Carpenter, Lonnie | CSG | reply to Jessica Sadler that I tried to call at 4 o'clock but could not reach her | 0.1 | **$460.00** | | | | | **$46.00** | | | | |
| 140 | 9/11/20 | Carpenter, Lonnie | CSG | email from Jessica Sadler she is tied up and can do Monday a.m. can move somewhere in price but would like a per forms HUD with the lower price | 0.1 | $560.00 | | | | | $56.00 | | | | |

O 36.00

P 21.80
NB 36.00

O 36.00

Case 4:19-bk-03194-MJC   Doc 189   Filed 09/30/24   Entered 09/30/24 17:11:35   Desc
Main Document   Page 26 of 38

CARPENTER, LONNIE
detailed statement

| | A | B | C | D | E | F | H | I | L | N | Reduction (P / Q) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 141 | 9/11/20 | Carpenter, Lonnie | CSG | email to Dave Brann to prepare a per forma HUD at $375k with copy to Landis and copy to Lonnie to be certain that he and Landis are both on board at $375k, copy to Jessica Saddler and indicate Monday at 11 o'clock is good for me. | 0.1 | $56.00 | | | $56.00 | | P 21.80 |
| 142 | 9/11/20 | Carpenter, Lonnie | CSG | email to Lonnie inquiring as to his new prospect for sale of farm side property | 0.1 | $56.00 | | $142 | $56.00 | $14.20 | P 21.80 |
| 143 | 9/11/20 | Carpenter, Lonnie | CSG | email to Lonnie as to copies of checks for June and July for BB&T direct mortgage payments | 0.1 | $56.00 | | $142 | $56.00 | $14.20 | P 21.80 |
| 144 | 9/14/20 | Carpenter, Lonnie | CSG | report and possible new buyer | 0.2 | $560.00 | | | $72.00 | | |
| 145 | 9/14/20 | Carpenter, Lonnie | CSG | call from Jessica Saddler, discuss pending transaction with Zimmerman. Lender may agree to some reduction in price but may not agree to $325k, need per forma HUD, discuss drainage report and possible new buyer | 0.2 | $560.00 | $142 | | $72.00 | $28.40 | P 43.60 |
| 146 | 9/14/20 | Carpenter, Lonnie | CSG | receipt of encrypted email from FAT possibly containing a per forma HUD required from Dave. Could not open encrypted document and phone number listed in email is disconnected | 0.2 | $560.00 | $142 | | $72.00 | $14.20 | P 21.80 |
| 147 | 9/17/20 | Carpenter, Lonnie | CSG | forward email from FAT to Dave Brann and ask if it was originated from his office and if so, if he can open the attachment to email it to me for transmittal to Jessica Saddler | 0.1 | $560.00 | | | $56.00 | | |
| 148 | 9/22/20 | | CSG | email from Jessica Saddler as to name of person expressing interest in the property following the withdrawal of Landis Zimmerman | 0.1 | $560.00 | | | $56.00 | | O 36.00 |
| 149 | 9/22/20 | Carpenter, Lonnie | CSG | email from Bill Craig for lender on Jeep, $13k in arrearages and seeking concurrence on autostay | 0.1 | $560.00 | | | $56.00 | | |
| 150 | 9/22/20 | Carpenter, Lonnie | CSG | response of non-concurrence asking for time to find out what the debtor can pay and when | 0.4 | $560.00 | | | $56.00 | | |
| 151 | 9/22/20 | Carpenter, Lonnie | CSG | email to Lonnie asking what he can pay and when with forward of email from lender counsel showing the arrearage | 0.1 | $560.00 | | | $36.00 | | E 36.00 |
| 152 | 9/24/20 | Carpenter, Lonnie | CSG | followup email to Lonnie asking for what he can pay and when so I can try to cut a deal and prevent the filing of the motion for relief from stay with the attendant fees and costs | .1 | $560.00 | | | $36.00 ($22.00) | | E 36.00 |
| 153 | 9/24/20 | Carpenter, Lonnie | CSG | email from Lonnie as to Brenda's email and indicating that the email my office | 0.2 | $560.00 | | | $72.00 | | |
| 154 | 9/24/20 | Carpenter, Lonnie | CSG | response to Lonnie that he we have not received any email from Brenda and again asking what he can pay to the secured lender and when | 0.1 | $560.00 | | | $56.00 | | |
| 155 | 9/24/20 | Carpenter, Lonnie | CSG | call from Lonnie that he and Brenda are no longer together and that the vehicle was totaled and is in the barn, he had insurance and the carrier raised a defense to the claim saying that Brenda was driving and was not a covered insured on the policy. I requested documentation of the vehicle purchase, of the accident and the insurance claim and policy | 0.2 | $560.00 | | | $72.00 | | 21.80 |
| | 9/24/20 | Carpenter, Lonnie | CSG | email from Lonnie with copies of cancelled checks for payment of the BB&T mortgage for June and July | 0.1 | $560.00 | | | $56.00 | | |

Page Subtotal - $238.80

CARPENTER, LONNIE
detailed statement

| A | B | C | D | Description | E | F | G | H | I | J | K | L | M | N | O | P | Reduction |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 156 | 9/24/20 | Carpenter, Lonnie | CSG | email to lender counsel on the vehicle indicating the totaling of vehicle, its location and that there was insurance and we will obtain and forward policy and claim also indicating surrender in full satisfaction under the hanging paragraph in 1325 and indicating that we would agree to stipulate to relief but would want surrender in full satisfaction in the stip and would assign the claim so the lender could subrogate. | | $360.00 | | | | | | 56.00 | | | | | P |
| 157 | 9/24/20 | Carpenter, Lonnie | CSG | email from Lonnie with correspondence from insurance agent indicating insurance policy effective 6/30/20 and cancelled 7/03/20 | 0.1 | $460.00 | | | $142 | | | 56.00 | | $14.20 | | | P 21.80 |
| 158 | 9/24/20 | Carpenter, Lonnie | CSG | email from Lonnie indicating that I need an explanation as to the cancellation of the insurance policy on the vehicle 3 days after it was issued and after the date of the accident | 0.1 | $460.00 | | | $142 | | | 56.00 | | $14.20 | | | P 21.80 |
| 159 | 9/25/20 | Carpenter, Lonnie | CSG | email response from Lonnie: he does not know why the policy says it was only in effect for 3 days. He believes that is wrong. He indicates that Brenda worked the prop on May 29 2020. | 0.1 | $460.00 | | | $142 | | | 56.00 | | $14.20 | | | P 21.80 |
| 160 | 10/13/20 | Carpenter, Lonnie | M8 | prepare answer to motion for relief filed by Santander | 0.1 | $460.00 | | | $142.00 | -0.5 | | 56.00 | | $71.00 | | | NB 71.00 |
| 161 | 10/19/20 | Carpenter, Lonnie | M8 | send email to Bill Craig. CSG will not oppose the motion for relief filed on behalf of Santander | | | | | $142.00 | -1 | | | | $142.00 | | | NB 142.00 |
| 162 | 10/19/20 | Carpenter, Lonnie | M8 | prepare amended plan | 0.1 | | | | $142.00 | 0.1 | | 56.00 | | $14.20 | | | |
| 163 | 10/19/20 | Carpenter, Lonnie | CSG | prepare amended plan | 0.1 | $560.00 | | | $142 | | | 56.00 | | $14.20 | | | P 21.80 |
| 164 | 10/20/20 | Carpenter, Lonnie | CSG | call to Safe Auto, spoke with adjuster Scott Davidson. His email is scott.davidson@safeauto.com. He will provide the policy. His phone is 314-817-0110. This is the claims reporting and handling phone number. | 0.1 | $460.00 | | | $142 | | | 56.00 | | $14.20 | | | P 21.80 |
| 165 | 10/20/20 | Carpenter, Lonnie | CSG | email to Scott Davidson indicating representation and requesting policy and basis for denial of coverage, status of coverage is at the time of claim. | 0.1 | $560.00 | | | | | | 56.00 | | $14.20 | | | |
| 166 | 10/20/20 | Carpenter, Lonnie | CSG | prepare amended plan | 0.1 | $560.00 | | | $142 | | | 56.00 | | $14.20 | | | P 21.80 |
| 167 | 10/28/20 | Carpenter, Lonnie | CSG | email to Jessica Sadler requesting a copy of the listing for the Hog barn and land | 0.1 | $460.00 | | | $142 | | | 56.00 | | $14.20 | | | O 36.00 |
| 168 | 10/28/20 | Carpenter, Lonnie | CSG | email to Lonnie as to listing for Hog Farm | 0.1 | $460.00 | | | | | | 56.00 | | | | | O 36.00 |
| 169 | 10/28/20 | Carpenter, Lonnie | CSG | reply from Lonnie that he is waiting on the Realtor and also advising that he sent some extra in his last pay to BB&T. He sent $4k. The extra to apply to his postpetition arrearage. | 0.1 | $560.00 | | | | | | 56.00 | | | | | P 21.80 |
| 170 | 11/4/20 | Carpenter, Lonnie | CSG | reply to Jessica Sadler containing the content of Lonnie's response. | 0.1 | $460.00 | | | | | | 56.00 | | | | | P 21.80 |
| 171 | 11/4/20 | Carpenter, Lonnie | CSG | email from Lonnie: he has the signed agreement and has forwarded it to the realtor for signature and review. receive and review SafeAuto Policy from adjuster | 0.1 | $560.00 | | | $142 | | | 56.00 | | $14.20 | | | P 21.80 |
| 172 | 11/5/20 | Carpenter, Lonnie | CSG | email from Lonnie: he has another interested buyer at a price of $400k and asking if we can put the listing on hold while we try to proceed with the new buyer? | 0.1 | $460.00 | | | | | | 56.00 | | | | | P 21.80 |
| 173 | 11/5/20 | Carpenter, Lonnie | CSG | reply to Lonnie: yes, provide information on new buyer but send me the listing for review just in case we need it. | 0.1 | $460.00 | | | | | | 56.00 | | | | | P 21.80 |
| 174 | 11/6/00 | Carpenter, Lonnie | CSG | email from Jessica Sadler: needs an update | 0.1 | $560.00 | | | | | | 56.00 | | | | | P 21.80 |

CARPENTER, LONNIE
detailed statement

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 175 | 11/6/20 | Carpenter, Lonnie | CSG | reply to Jessica as to new party interested on the hsg loan at a price of $400k, listing on hold until we see the new buyer will proceed | 0.3 | $360.00 | | | | | | | | | | | |
| 176 | 11/6/20 | Carpenter, Lonnie | CSG | email to Lonnie to provide contact information for new buyer and their counsel | 0.1 | $360.00 | | | | | | $36.00 | | | | $24.20 | |
| 177 | 1/7/21 | Carpenter, Lonnie | CSG | postage first amended plan | 0.1 | $360.00 | | | | | | $36.00 | | | | $10.80 | |
| 178 | 1/7/21 | Carpenter, Lonnie | CSG | certified order granting fee and clear | | | | | | | | | | | | | |
| 179 | 1/7/21 | Carpenter, Lonnie | CSG | review listing docs for listing with Veronica Montero | 0.3 | $360.00 | | | | | | $108.00 | | | | | |
| 180 | 1/12/21 | Carpenter, Lonnie | CSG | email to Veronica Montero with copy to Lonnie as to some changes to the listing docs and answering Veronica's question as to what is being sold | 0.2 | $360.00 | | | | | | $72.00 | | | | | |
| 181 | 1/13/21 | Carpenter, Lonnie | CSG | send text to client. Mortgage lender's attorney objected to on motion to approve lease and motion to modify plan. | | | | | | | | | | | | | |
| 182 | 1/13/21 | Carpenter, Lonnie | CSG | email from Veronica Montero as to 10% commission and listing. She will not budge on the 10%. | 0.1 | $360.00 | | | | | | $36.00 | | | | | |
| 183 | 1/15/21 | Carpenter, Lonnie | CSG | email to Jessica Sadler as to listing with Veronica Montero with copies of listing docs | 0.1 | $460.00 | | | $142 | | | $46.00 | $14.20 | | | | |
| 184 | 1/29/21 | Carpenter, Lonnie | CSG | email all listing docs received from broker as revised. Not listing agent to resize Sadler. phone call to client. He should purchase homeowners insurance. Phone numbers disconnected. The force placed insurance placed by lender is very expensive. | 0.1 | $460.00 | | | $142 | | | $46.00 | $14.20 | | | | |
| 185 | 3/8/22 | Carpenter, Lonnie | CSG | email to client to call left detailed message. He should send follow-up email to client. He did not pickup the phone call left detailed message. He frequently ignores voice mail. He should purchase homeowner's insurance instead of | | $360.00 | | | | | | | | | | | |
| 186 | 3/8/21 | Carpenter, Lonnie | CSG | | | $360.00 | | | | | | | | | | | |
| 187 | 3/29/21 | Carpenter, Lonnie | CSG | email from Jessica Sadler as to insurance listing the bank as mortgagee loss payee and as to status of listing of hsg firm and inquiring as to responses from interested parties in possibly purchasing the property. | 0.1 | $560.00 | | | | | | $56.00 | | | | | |
| 188 | 3/30/21 | Carpenter, Lonnie | CSG | Reply to Jessica with copy to Lonnie asking for him to obtain and forward evidence of insurance on the property and forward a cert of insurance showing the lender as mortgagee loss payee, also advising Jessica of 2 inquiries received by listing agent but no followup as yet. | 0.1 | $560.00 | | | | | | $56.00 | | | | | |
| 189 | 7/10/21 | Carpenter, Lonnie | CSG | email detailed response to Ian Griffiths at Dynamic Energy on possible solar lease with copy to Lonnie | 0.1 | $560.00 | | | | | | $56.00 | | | | | |
| 190 | 7/10/21 | Carpenter, Lonnie | CSG | email to Lonnie a short email to Jessica Sadler as to possible solar lease | 0.2 | $560.00 | | | | | | $72.00 | | | | | |
| 191 | 7/10/21 | Carpenter, Lonnie | CSG | review solar lease | 0.1 | $560.00 | | | | | | $56.00 | | | | | |
| 192 | 7/28/21 | Carpenter, Lonnie | CSG | review solar lease | 1.0 | $560.00 | | | | | | $560.00 | | | | | |
| 193 | 7/28/21 | Carpenter, Lonnie | CSG | email comments to Lonnie on Solar lease | 0.3 | $560.00 | | | | | | $108.00 | | | | | |
| 194 | 8/9/21 | Carpenter, Lonnie | CSG | further revisions to proposed solar lease | 1.0  2.0 | $560.00 | | | | | | $360.00 $220.00 | | | | | |
| 195 | 8/9/21 | Carpenter, Lonnie | CSG | email proposed solar lease to Lonnie with summary of proposed revisions and my contact info for transmission to lessor representative | 0.3 | $360.00 | | | | | | | | | | | |

Reduction
O  36.00
P  21.80
P  21.80
E
P  21.80
360.00

Page Subtotal – $439.60

| A | B | C | D | Description | E | F | ... | L | ... | N | O (Reduction) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 196 | 8/20/21 | Carpenter, Lonnie | CSG | email Tyler Hall that I am fine with his revisions and I can accept changes and get the lease signed if that is acceptable | 0.3 | $560.00 | | $108.00 | | | |
| 197 | 8/25/31 | Carpenter, Lonnie | CSG | public disclosure of terms of lease. Discuss procedure and availability of redaction as to his concerns as to public disclosure of terms of lease | 0.4 | $560.00 | | $144.00 | | | O 144.00 |
| 198 | 8/30/21 | Carpenter, Lonnie | CSG | email from Tyler Hall to accept changes and get lease executed. | 0.1 | $560.00 | | $56.00 | | | |
| 199 | 9/1/21 | Carpenter, Lonnie | CSG | email Tyler Hall and approve his revisions | 0.1 | $560.00 | | $56.00 | | | |
| 200 | 9/1/21 | Carpenter, Lonnie | CSG | email to Lonnie and Tyler Hall indicating that revised lease is out today for signature. Ask Lonnie to sign in the presence of a notary. Further request that Lonnie not put lease on social media or any other form of public notice due to the confidentiality of the lease terms. | 0.1 | $560.00 | | $56.00 | | | |
| 201 | 9/1/21 | Carpenter, Lonnie | CSG | send original and one duplicate original to Lonnie for signature with SASE | 0.4 | $560.00 | | $144.00 | | | |
| 202 | 9/9/21 | Carpenter, Lonnie | CSG | email to Lonnie that I have received the executed solar lease and will send one copy and W-9 to him. I will forward the lease to the lessor for signature. Ask Lonnie to sign the W-9 and return it to me for transmittal to lessee. | 0.1 | $560.00 | $142 | $56.00 | $14.20 | P 21.80 |
| 203 | 9/9/21 | Carpenter, Lonnie | CSG | email from Jessica Sadler as to status of proposed sale of hog farm and as to status of solar lease. | 0.1 | $560.00 | $142 | -$56.00 | $14.20 | P 21.80 |
| 204 | 9/9/21 | Carpenter, Lonnie | CSG | email to Lonnie that I have reviewed the lease and only utilize 25 acres. Solar is a clean form of industry which is needed in Bradford County. | 0.2 | $560.00 | | $72.00 | | |
| 205 | 9/9/21 | Carpenter, Lonnie | CSG | response from Jessica that she advised that she might object, that the bank has an assignment of leases and would require that all of the rents be paid to the bank. She wanted to see the lease. | 0.1 | $560.00 | | $56.00 | | |
| 206 | 9/9/21 | Carpenter, Lonnie | CSG | email to Jessica as to her indication that she will object to the administrative solar lease and asking for a basis for the objection. Explain that substantial rents will be received and that the lease will increase the debtor's assets and will allow him to pay his tax generated by the rent payments. Currently I am using 20% and the lessees and the trustee have agreed. | 0.2 | $560.00 | | $112.00 | | |
| 207 | 11/19/21 | Carpenter, Lonnie | CSG | research requirements for redaction for administrative solar lease | 0.5 | $660.00 | | $480.00 | | NB 180.00 |
| 208 | 12/12/21 | Carpenter, Lonnie | CSG | prepare motion for administrative lease | 0.2 | $560.00 | | $72.00 | | |
| 209 | 12/12/21 | Carpenter, Lonnie | CSG | call Lonnie, discuss amended plan and trustee payment | 1.0 | $560.00 | | $560.00 | | |
| 210 | 12/13/21 | Carpenter, Lonnie | CSG | email to Bobbie Weidel as to next plan pay, amended tiered plan and motion for administrative lease | 0.2 | $560.00 | | $56.00 | | |
| 211 | 12/14/21 | Carpenter, Lonnie | MB | prepare another amended plan | 0.1 | $560.00 | | $56.00 | | |
| 212 | 12/14/21 | Carpenter, Lonnie | MB | prepare amended plan and payment send email to client. What sources of income does he currently have? | | | $142.00 | | $14.20 | |
| 213 | 12/15/21 | Carpenter, Lonnie | CSG | draft confidentiality agreement for lender on solar lease. | 1.0 | $560.00 | | $560.00 | | |

CARPENTER, LONNIE
detailed statement

| A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | Reduction |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 214 | 12/16/21 Lonnie | M8 | additional work amended plan | | | | | 142.00 | 0.6 | | | | $85.20 | | | | |
| 215 | 12/16/21 Lonnie | M8 | revise motions for administrative lease | 0.2 | $360.00 | | | | | | $72.00 | | | | | | |
| 216 | 12/16/21 Lonnie | CSG | revise confidentiality agreement | 0.2 | $360.00 | | | | | | $72.00 | | | | | | |
| 217 | 12/16/21 Lonnie | CSG | proof motion for administrative lease | 0.2 | $360.00 | | | | | | $72.00 | | | | | | |
| 218 | 12/16/21 Lonnie | M8 | email motion for administrative lease, proposed notice and confidentiality agreement to Tyler | | | | | 142.00 | 0.1 | | | | $14.20 | | | | |
| 219 | 12/16/21 Lonnie | CSG | Hall for review and revision | | | | | | | | | | | | | | |
| 220 | 12/17/21 Lonnie | CSG | review amended plan in final form | | | | | 142.00 | 0.1 | | | | $14.20 | | | | |
| 221 | 12/17/21 Lonnie | M8 | prepare motion to modify plan | | | | | 142.00 | 0.2 | | | | $28.40 | | | | |
| 222 | 12/17/21 Lonnie | | postage motion for free and clear sale | | | | | | | | | | | | $30.00 | | |
| 223 | 12/18/21 Lonnie | M8 | further revisions to amended plan | | | | | 142.00 | 0.1 | | | | $14.20 | | | | |
| 224 | 12/19/21 Lonnie | M8 | further revisions to amended plan | | | | | 142.00 | 0.1 | | | | $14.20 | | | | |
| 225 | 12/20/21 Lonnie | M8 | further revisions to amended plan | | | | | 142.00 | 0.1 | | | | $14.20 | | | | |
| 226 | 12/20/21 Lonnie | M8 | prepare letter to client as to amended plan | | | | | 142.00 | 0.2 | | | | $28.40 | | | | |
| 227 | 12/23/21 Lonnie | M8 | file motion to approve administrative lease | | | | | 142.00 | 0.3 | | | | $42.60 | | | O | 42.60 |
| 228 | 12/23/21 Lonnie | M8 | serve motion for approval of administrative lease | | | | | 142.00 | 0.6 | | | | $85.20 | | | O | 85.20 |
| 229 | 12/31/21 Lonnie | | postage motion for approval of administrative lease | | | | | | | | | | | $15.40 | | |
| 230 | 12/31/21 Lonnie | | postage motion to modify plan | | | | | | | | | | | $30.80 | | |
| 231 | 1/5/22 Lonnie | M8 | prepare motion to modify plan | | | | | 142.00 | 0.1 | | | | $14.20 | | | | |
| 232 | 1/5/22 Lonnie | M8 | file motion to modify plan | | | | | 142.00 | 0.3 | | | | $42.60 | | | E | 42.60 |
| 233 | 1/7/22 Lonnie | M8 | serve amended plan | | | | | 142.00 | 0.3 | | | | $42.60 | | | O | 42.60 |
| 234 | 1/7/22 Lonnie | M8 | prepare Answer to motion for relief filed by Susquehanna Capital Management | | | | | 142.00 | 0.3 | | | | $42.60 | | | O | 42.60 |
| 235 | 1/18/22 Lonnie | CSG | prepare Proposed order for Answer to Motion for relief filed by Susquehanna Capital Management, LLC | | | | | 142.00 | 0.3 | | | | $42.60 | | | | |
| 236 | 1/27/22 Lonnie | CSG | revise answer to Susquehanna Mgt autostay for relief filed by Susquehanna Capital | 1.0 2a | $360.00 | | | | | 360.00 9729.00 | | | $14.20 | | | E | 360.00 |
| 237 | 1/28/22 Lonnie | M8 | prepare Objection to Claim 8 of Susquehanna Capital Management, LLC | | | | | 142.00 | 0.1 | | | | $14.20 | | | | |
| 238 | 1/28/22 Lonnie | M8 | proofread answer to motion for relief filed by Susquehanna Capital Management, LLC | | | | | 142.00 | 0.8 | | | | $113.60 | | | E | 71.00 |
| 239 | 1/28/22 Lonnie | M8 | file answer to motion for relief filed by Susquehanna Capital Management | | | | | 142.00 | 0.3 | | | | $42.60 | | | O | 42.60 |
| 240 | 1/28/22 Lonnie | CSG | begin work on another amended plan | 1.0 | $360.00 | | | | | $360.00 | | | $42.60 | | | O | 42.60 |
| 241 | 1/28/22 Lonnie | M8 | prepare Objection to Claim of Susquehanna Capital Management, LLC | | | | | 142.00 | 0.3 | | | | $42.60 | | | | |
| 242 | 1/28/22 Lonnie | | postage | | | | | | | | | | | | | |
| 243 | 1/29/22 Lonnie | M8 | additional work amended plan | | | | | 142.00 | 0.3 | | | | $42.60 | | | O | 14.20 |
| 244 | 1/29/22 Lonnie | M8 | additional work on another amended plan | | | | | 142.00 | 0.4 | | | | $56.80 | | | | |
| 245 | 1/29/22 Lonnie | M8 | prepare amended plan summary | | | | | | | | | | | | | |
| 246 | 2/2/22 Lonnie | CSG | respond to email from Lonnie as to letter he received from counsel for new secured lender | | | | | | | | | | | | | |

Case 4:19-bk-03194-MJC   Doc 189   Filed 09/30/24   Entered 09/30/24 17:11:35   Desc
Main Document   Page 31 of 38

CARPENTER, LONNIE
detailed statement

| # | Date | Name | Code | Description | E | F | G | H | J | K | L | M | N | O | P | Reduction |
|---|------|------|------|-------------|---|---|---|---|---|---|---|---|---|---|---|-----------|
| 247 | 2/4/22 | Carpenter, Lonnie | M8 | review amended plan and summary | | | | 0.3 | $142.00 | 0.3 | | | $42.60 | | | |
| 248 | 2/4/22 | Carpenter, Lonnie | M8 | write letter to client, enclosing 2nd amended plan and summary | | | | 0.2 | $142.00 | 0.2 | | | $28.80 | | | |
| 249 | 2/5/22 | Carpenter, Lonnie | M8 | draft another amended plan | 1.0 | $160.00 | | 0.2 | $142.00 | 0.2 | $180.00 | | $28.80 | E | | 180.00 E |
| 250 | 2/6/22 | Carpenter, Lonnie | CSG | prepare proposed amended plan | 1.5 | $560.00 | | 0.2 | $142.00 | 0.2 | | | $28.80 | E | | 540.00 E |
| 251 | 2/6/22 | Carpenter, Lonnie | M8 | prepare amended schedules i and j | .5 | $160.00 | | 0.2 | $142.00 | 0.2 | | | $28.80 | E | | 180.00 E |
| 252 | 2/7/22 | Carpenter, Lonnie | M8 | Obtain amortizations of all Susquehanna Capital Management promissory notes | 2.0 | | | 0.2 | $142.00 | 0.2 | | | $28.80 | | | |
| 253 | 2/7/22 | Carpenter, Lonnie | M8 | further revisions to amended plan | | | | 0.2 | $142.00 | 0.2 | $180.00 | | $28.80 | | | |
| 254 | 2/8/22 | Carpenter, Lonnie | M8 | revise objection to claim | | $360.00 | | 0.5 | | | | | | | | |
| 255 | 2/8/22 | Carpenter, Lonnie | CSG | completely revise second amended plan | 1.0 | $560.00 | | 1.0 | | | $360.00 | | | | | |
| 256 | 2/8/22 | Carpenter, Lonnie | CSG | email 2nd amended plan, summary and amended schedules i and j to client | | | | | | | | | | | | |
| 257 | 2/10/22 | Carpenter, Lonnie | M8 | serve amended plan | | | | 0.2 | $142.00 | 0.2 | | | $28.40 | O | | 42.60 O |
| 258 | 2/10/22 | Carpenter, Lonnie | M8 | postage second motion to modify plan | | | | 0.2 | $142.00 | 0.2 | | | $28.40 | O | $30.80 | 28.40 O |
| 259 | 2/11/22 | Carpenter, Lonnie | CSG | file amended shedules i and j | | | | 0.2 | $142.00 | 0.2 | | | $28.40 | O | | 28.40 O |
| 260 | 2/13/22 | Carpenter, Lonnie | CSG | prepare motion for reconsideration | 2.0 | | $420.00 | | | | $840.00 | | | O | | 840.00 CtE |
| 261 | 2/14/22 | Carpenter, Lonnie | CSG | prepare brief in support of motion for reconsideration | 1.0 | | $420.00 | | | | $420.00 | | | | | 420.00 CtE |
| 262 | 2/14/22 | Carpenter, Lonnie | CSG | revise motion for reconsideration | 0.3 | | $420.00 | 0.3 | $142.00 | 0.1 | $126.00 | $126.00 | $126.00 | | | 126.00 CtE |
| 263 | 2/14/22 | Carpenter, Lonnie | M8 | proof and revise motion for reconsideration | | | | 0.1 | $142.00 | 0.1 | | | $14.20 | | | 14.20 CtE |
| 264 | 2/14/22 | Carpenter, Lonnie | M8 | proof and revise motion for reconsideration | | | | 0.1 | $142.00 | 0.1 | | | $14.20 | | | 14.20 CtE |
| 265 | 2/15/22 | Carpenter, Lonnie | M8 | prepare motion for expedited hearing | | | | 0.2 | $142.00 | 0.2 | | | $28.40 | | | 28.40 CtE |
| 266 | 2/16/22 | Carpenter, Lonnie | M8 | file motion for reconsideration | | | | 0.2 | $142.00 | 0.2 | | | $28.40 | | | 28.40 CtE |
| 267 | 2/16/22 | Carpenter, Lonnie | M8 | file brief in support of motion for reconsideration | | | | 0.2 | $142.00 | 0.2 | | | $28.40 | | | 28.40 CtE |
| 268 | 2/16/22 | Carpenter, Lonnie | M8 | file motion for expedited hearing | | | | 0.2 | $142.00 | 0.2 | | | $28.40 | | | 28.40 CtE |
| 269 | 2/20/22 | Carpenter, Lonnie | M8 | prepare reply to Objection to motion to approve administrative lease by Susquehanna Capital Management | | | | 0.5 | $142.00 | 0.5 | | | $71.00 | | | |
| 270 | 2/21/22 | Carpenter, Lonnie | M8 | send email to Danrosha Dunbar Yancey asking for explanation fo 3 Notices to Filing Party | | | | 0.1 | $142.00 | 0.1 | $14.20 | | $14.20 | | | |
| 271 | 2/23/22 | Carpenter, Lonnie | M8 | postage amended notice of motion to modify plan | | | | | | | | | | | $30.80 | |
| 272 | 3/14/22 | Carpenter, Lonnie | M8 | review amended claim of Susquehanna Capital Management filed on 3/10/22 | | | | 0.3 | $142.00 | 0.3 | | | $42.60 | | | |
| 273 | 3/14/22 | Carpenter, Lonnie | M8 | review Trustee's payment history on susquehanna claim 8 | | | | 0.7 | $142.00 | 0.7 | $99.40 | | $99.40 | | | |
| 274 | 3/15/22 | Carpenter, Lonnie | M8 | prepare objection to amended claim 8 of Susquehanna Capital Management LLC | | | $420.00 | 0.4 | $142.00 | 0.4 | | | $56.80 | | | |
| 275 | 3/15/22 | Carpenter, Lonnie | CSG | revise objections to amended claim | | | $420.00 | 0.3 | | | | | | | | |
| 276 | 3/17/22 | Carpenter, Lonnie | CSG | proof and revise objections to amended claim 8 of Susquehanna Capital Management | | | | 0.4 | $142.00 | 0.4 | | | $56.80 | | | |
| 277 | 3/17/22 | Carpenter, Lonnie | M8 | file objections to Susquehanna Capital Management LLC amended claim 8 | | | | 0.3 | $142.00 | 0.3 | | | $42.60 | | | |

CARPENTER, LONNIE
detailed statement

| A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 278 | Carpenter, Lonnie | 3/17/22 | CSG | call from Trish Ratchford, court room deputy asking if I would participate in a status conference with Judge Conway and Eden Bucher. I consented | | $420.00 | 0.1 | | | | | $42.00 | | | | |
| 279 | Carpenter, Lonnie | 3/17/22 | CSG | review order and equote letter to the Court from Eden Bucher | | $420.00 | 0.1 | | | | | $42.00 | | | | |
| 280 | Carpenter, Lonnie | 3/17/22 | CSG | postage | | | | | | | | | | | 50.55 | |
| 281 | Carpenter, Lonnie | 3/18/22 | CSG | email from Lonnie, he is listing the barn side of the property with a realtor for $1,200,000.00 and the sale lease to go with it | | $420.00 | 0.1 | | | | | $42.00 | | | | |
| 282 | Carpenter, Lonnie | 3/18/22 | CSG | call to Debtor request latest royalty monthly summaries and discuss conference call at 4:30 with Chris Moore as to purchase of real estate and mineral rights | | $420.00 | 0.3 | | | | | $126.00 | | | | |
| 283 | Carpenter, Lonnie | 3/18/22 | CSG | email from Eden Bucher as to royalty payments | | $420.00 | 0.1 | | | | | $42.00 | | | | |
| 284 | Carpenter, Lonnie | 3/18/22 | CSG | detailed email reqrise to Eden | | $420.00 | 0.3 | | | | | $126.00 | | | | |
| 285 | Carpenter, Lonnie | 3/18/22 | CSG | call from Eden Bucher, discuss upcoming hearing and objections to amended claim | | $420.00 | 0.1 | | | | | $42.00 | | | | |
| 286 | Carpenter, Lonnie | 3/18/22 | CSG | attend virtual status conference. Hearing of 3/30/22 continued to 6/7 with order to file amended plan by 4/30/22 | | $420.00 | 0.3 | | | | | $126.00 | | | | |
| 287 | Carpenter, Lonnie | 3/18/22 | CSG | forward recent gas royalties summaries for December 2021 through February 2022 to Eden Bucher | | $420.00 | 0.1 | | | | | $42.00 | | | | |
| 288 | Carpenter, Lonnie | 3/20/22 | MB | email from Eden Bucher approving the confidentiality agreement | | $420.00 | 0.1 | $142 | 0.1 | | | $14.20 | $14.20 | | | |
| 289 | Carpenter, Lonnie | 4/19/22 | MB | review Trustee's report of receipts and disbursements | | | | $142.00 | 0.3 | | | $42.60 | | | | |
| 290 | Carpenter, Lonnie | 3/21/22 | MB | email to Eden Bucher with comments about potential buyer, Lonnie's pay advices and gas royalty summaries, potential second solar lease after approving the confidentiality agreement Eden emailed that she does not want to see the lease | | | | $142.00 | 0.2 | | | $84.00 | | | | |
| 291 | Carpenter, Lonnie | 3/21/22 | MB | | | | | $142.00 | 0.1 | | $14.20 | | | | | |
| 292 | Carpenter, Lonnie | 3/21/22 | MB | review activity statement received from lender | | | | $142.00 | 0.3 | | $84.00 | | | | | |
| 293 | Carpenter, Lonnie | 3/23/22 | CSG | postage | | | 0.3 | | | | | | | | 50.49 | |
| 294 | Carpenter, Lonnie | 4/4/22 | CSG | email to Mark Hipp counsel to potential buyer Chris Moore, discuss potential sale of realty to Chris Moore, the timing to file an amended plan and the need to continue both the time to file the amended plan and the confirmation hearing | | $420.00 | 0.3 | | | | $126.00 | | | | | |
| 295 | Carpenter, Lonnie | 4/19/22 | CSG | call from Mark Hipp counsel to Chris Moore. Discuss status of tax proceeding | | $420.00 | 0.1 | | | | $42.00 | | | | | |
| 296 | Carpenter, Lonnie | 4/19/22 | CSG | email from Mark Hipp with inquiry as to realty taxes due and past due. | | $420.00 | 0.5 | $142 | 0.1 | | | | $71.00 | | | |
| 297 | Carpenter, Lonnie | 4/19/22 | CSG | review tax claims and compute total estimate of pre and postpetition realty tax | | | | $142.00 | 0.3 | | | $42.60 | | | | |
| 298 | Carpenter, Lonnie | 4/28/22 | MB | review Trustee's report of receipts and disbursements | | | | $142.00 | 0.4 | | | $56.80 | | | | |
| 299 | Carpenter, Lonnie | 4/28/22 | CSG | prepare 3rd amended plan | | $420.00 | 0.3 | | | | $126.00 | | | | | |
| 300 | Carpenter, Lonnie | 4/28/22 | CSG | email from Mark Hipp that lender will consent to the enlargement if they like the offer. | | $420.00 | 0.1 | | | | | $42.00 | | | | |
| 301 | Carpenter, Lonnie | 4/29/22 | CSG | revised 3rd amended plan | | | | | | | | | | | | |

Reduction

P 27.80

O 14.20

P 27.80

P 139.00

CARPENTER, LONNIE
detailed statement

| A | B | C | D | E (description) | G | H | I | J | M | N | O | P | Reduction |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 302 | 4/28/22 | Carpenter, Lonnie | CSG | email to Mark Krpa asking for the amount of the offer, whether it was made to Danielle Witmer, whether she the indicated a time to respond to the offer, whether her response was via email and if so can I get a copy of the email and a copy of the offer | $420.00 | 0.2 | $142.00 | | $84.00 | $113.60 | | $30.80 | E 85.20 |
| 303 | 5/2/22 | Carpenter, Lonnie | M8 | prepare 3rd motion to modify plan | | | | | | | | | |
| 304 | 5/2/22 | Carpenter, Lonnie | M8 | postage third motion to modify plan | | | | | | | | | |
| 305 | 5/2/22 | Carpenter, Lonnie | M8 | file third motion to modify plan serve third motion to modify plan/ third amended plan | | | | | | | | | |
| 306 | 5/2/22 | Carpenter, Lonnie | CSG | prepare 3rd motion to modify plan | | 0.1 | $142.00 | | | | | | O 28.40 |
| 307 | 5/6/22 | Carpenter, Lonnie | M8 | phone conference with Mark Krpa and John Hayn | | 2.0 | $142.00 | | $840.00 | | 28.40 | | O 42.60 |
| 308 | 5/7/22 | Carpenter, Lonnie | M8 | write letter to client explaining the plan and the status of the BK | $420.00 | 0.1 | $142.00 | | | $14.20 | | | |
| 309 | 5/9/22 | Carpenter, Lonnie | M8 | call from Lonnie advising that his son is buying the property at $500 net to lender and has financing. He will forward contract info and bank commitment | $420.00 | 2.0 | $142.00 | 0.1 | $840.00 | | | | E 28.40 |
| 310 | 5/11/22 | Carpenter, Lonnie | CSG | prepare 2nd objection to amended claim 8 of Susquehanna Capital Management | $420.00 | 0.1 | $142.00 | 0.3 | $42.00 | | | | NB --- |
| 311 | 5/12/22 | Carpenter, Lonnie | CSG | email from Lonnie, sale to son, bank has all docs, just need total amount for closing | $420.00 | | $142.00 | | $50.00 | | | | NB 420.00 |
| 312 | 5/14/22 | Carpenter, Lonnie | M8 | prepare fax to Bradford County Tax Claim Bureau requesting total amount of tax due | | | $142.00 | 0.3 | $42.00 | $42.60 | | | E |
| 313 | 5/14/22 | Carpenter, Lonnie | M8 | write letter to Canton Tax Collector requesting total amount of tax due | | | $142.00 | -0.3 | $42.00 | $42.60 | | $14.20 | NB 28.40 |
| 314 | 5/14/22 | Carpenter, Lonnie | M8 | prepare motion for free and clear sale to Noah Carpenter | | | $142.00 | 0.4 | | | | | NB 840.00 |
| 315 | 5/17/22 | Carpenter, Lonnie | CSG | prepare total amount needed for loan by son to purchase realty, per rights and seller, including all realty taxes, recording costs and satisfaction fees, researched any add on transfer tax for Canton Twp, found none. | $420.00 | 1.0 | | | $420.00 | | | | NB 126.00 |
| 316 | 5/17/22 | Carpenter, Lonnie | CSG | email to Lonnie with total needed for loan and what it includes | $420.00 | 0.1 | | | | | | | NB 42.60 |
| 317 | 5/17/22 | Carpenter, Lonnie | M8 | revise 2nd Objection to Claim of Susquehanna Capital Management, LLC | $420.00 | 0.1 | $142.00 | 0.1 | $42.00 | $14.20 | | | NB 42.00 |
| 318 | 5/18/22 | Carpenter, Lonnie | M8 | revise Motion for Free & Clear Sale of 371 Beech Flats Rd. and 3435 Rt 154, Canton, PA | $420.00 | 0.2 | $142.00 | 0.2 | $28.40 | $28.40 | | | NB 42.60 |
| 319 | 5/18/22 | Carpenter, Lonnie | M8 | draft agreement of sale to Noah John Carpenter | $420.00 | 2.0 | | | $840.00 | | | | NB 210.00 |
| 320 | 5/19/22 | Carpenter, Lonnie | CSG | revise agreement of sale to Noah | $420.00 | 0.3 | | | $126.00 | | | | NB 28.40 |
| 321 | 5/19/22 | Carpenter, Lonnie | CSG | proof and review agreement of sale to Noah Carpenter | $420.00 | 0.3 | $142.00 | 0.3 | | $42.60 | | | NB 42.00 |
| 322 | 5/19/22 | Carpenter, Lonnie | M8 | email agreement of sale to Lonnie for signature | $420.00 | 0.1 | $142.00 | 0.1 | | $42.60 | | | NB 42.60 |
| 323 | 5/19/22 | Carpenter, Lonnie | M8 | prepare motion for free and clear sale to Noah Carpenter | $420.00 | | $142.00 | 0.3 | $42.00 | | | | |
| 324 | 5/20/22 | Carpenter, Lonnie | CSG | additional revisions to agreement of sale to Noah John Carpenter | $420.00 | 0.5 | $142.00 | 0.2 | $210.00 | $28.40 | | | |
| 325 | 5/20/22 | Carpenter, Lonnie | CSG | proof sale agreement to Noah Carpenter as revised | $420.00 | | | | | | | | NB 84.00 |
| 326 | 5/20/22 | Carpenter, Lonnie | M8 | email to Lonnie not to sign the agreement as forwarded until further revision are made. | $420.00 | 0.1 | | | $42.00 | | | | NB 42.00 |
| 327 | 5/20/22 | Carpenter, Lonnie | CSG | email to Lonnie with instructions for execution and transmittal of agreement along with request to also email executed copy with explanation for the executed copy | | 0.2 | | | $84.00 | | | | NB 84.00 |
| 328 | 5/20/22 | Carpenter, Lonnie | CSG | prepare motion to seal solar lease | | | | | | $56.80 | | | NB 56.80 |

Page Subtotal - $2,147.40

**CARPENTER, LONNIE**
detailed statement

| A | B | C | D | G | H | I | J | L | N | O/P | Reduction |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 329 | 5/23/22 | Carpenter, Lonnie | MB | prepare second motion for approval of administrative lease | | | | | | | |
| 330 | 5/24/22 | Carpenter, Lonnie | MB | revise second motion to approve administrative lease | | | $142.00 | 0.2 | | $28.40 | | NB 28.40 |
| 331 | 5/24/22 | Carpenter, Lonnie | CSG | email executed agreement of sale to Noah to Eden Bucher | $420.00 | | | 0.1 | | $42.00 | | NB 42.00 |
| 332 | 5/24/22 | Carpenter, Lonnie | CSG | response from Eden Bucher requested stipulated order for relief | $420.00 | 0.1 | | | | | | |
| 333 | 5/24/22 | Carpenter, Lonnie | CSG | draft detailed response offering different options to provide adequate protection to secured lender | $420.00 | 0.2 | | | $84.00 | | | NB 84.00 |
| 334 | 5/24/22 | Carpenter, Lonnie | CSG | draft detailed response with a request for joinder in the motion for sale | $420.00 | 0.2 | | | | | | |
| 335 | 5/24/22 | Carpenter, Lonnie | CSG | response from opposing counsel again requiring a stipulated order for relief even with the bank commitment, penalty and additional downpayment | $420.00 | 0.1 | | | | | | |
| 336 | 5/24/22 | Carpenter, Lonnie | CSG | draft detailed email to client outlining the various proposals, responses thereto and including the actual proposals and responses in full | | | | | | | | |
| 337 | 5/30/22 | Carpenter, Lonnie | CSG | prepare motion for leave to file the Solar Lease under seal | $420.00 | 0.4 | | | $168.00 | | | |
| 338 | 6/1/22 | Carpenter, Lonnie | CSG | prepare fourth amended plan | $420.00 | 2.0 | | 0.5 | $840.00 | $71.00 | | 840.00 |
| 339 | 6/3/22 | Carpenter, Lonnie | MB | send email to Agair requesting a 30 day continuance of hearing on all matters | | | $142.00 | -0.1 | $14.20 | $14.20 | | O 14.20 |
| 340 | 6/7/22 | Carpenter, Lonnie | MB | prepare fourth amended plan summary | | | $142.00 | -0.3 | $14.20 | $14.20 | | E 42.60 |
| 341 | 6/4/22 | Carpenter, Lonnie | MB | serve 4th amended plan | | | $142.00 | -0.3 | $42.60 | $42.60 | | E 42.60 |
| 342 | 6/4/22 | Carpenter, Lonnie | | | | | | | | | | E 42.60 |
| 343 | 6/4/22 | Carpenter, Lonnie | | | | | | | | | | |
| 344 | 6/5/22 | Carpenter, Lonnie | MB | postage second motion for approval of administrative lease | | | $142.00 | 0.3 | | $42.60 | $15.40 | NB 42.60 |
| 345 | 6/5/22 | Carpenter, Lonnie | MB | postage second motion for approval of administrative lease | | | $142.00 | | | $15.40 | $15.40 | NB 15.40 |
| 346 | 6/5/22 | Carpenter, Lonnie | MB | prepare 2nd motion to seal administrative lease | | | $142.00 | 0.3 | | $42.60 | $15.40 | NB 42.60 |
| 347 | 6/5/22 | Carpenter, Lonnie | MB | file motion to seal administrative lease as to motion 2nd motion for administrative lease | | | $142.00 | 0.2 | | $28.40 | | NB 28.40 |
| 348 | 6/5/22 | Carpenter, Lonnie | MB | file second motion for approval of administrative lease | | | | | | $28.40 | | NB 28.40 |
| 349 | 6/5/22 | Carpenter, Lonnie | MB | file request to continue all matters | | | $142.00 | 0.1 | | $14.20 | | O 14.20 |
| 350 | 6/8/22 | Carpenter, Lonnie | | postage motion for sale free and clear | | | | | | | $15.40 | NB 15.40 |
| 351 | 6/12/22 | Carpenter, Lonnie | | postage fourth motion to modify plan | | | | | | | $15.40 | NB 15.40 |
| 352 | 6/12/22 | Carpenter, Lonnie | | postage amended second motion of administrative lease | | | | | | | $15.40 | NB 15.40 |
| 353 | 6/15/22 | Carpenter, Lonnie | MB | email from Eden Bucher as to discrepancy in property address | | | $142.00 | 0.1 | | $14.20 | $15.40 | NB 15.40 |
| 354 | 6/17/22 | Carpenter, Lonnie | MB | email from Eden Bucher inquiring as to what was, revised in revised Exhibit A. | | | $142.00 | 0.1 | $14.20 | $14.20 | | NB 14.20 |
| 355 | 6/27/22 | Carpenter, Lonnie | MB | prepare motion for default in accordance with scheduling order | | | $142.00 | 0.3 | $42.60 | $42.60 | | NB 42.60 |
| 356 | 6/28/22 | Carpenter, Lonnie | MB | Review Deed to Noah Carpenter, Richard Morse and Ruth Morse | | | | 0.2 | $28.40 | $28.40 | | NB 28.40 |
| 357 | 7/4/22 | Carpenter, Lonnie | MB | prepare application for default directed to clerk | $420.00 | 1.0 | | | $420.00 | | | NB 420.00 |
| 358 | 7/4/22 | Carpenter, Lonnie | MB | prepare proposed default order to be issued by clerk | $420.00 | 0.3 | | | $126.00 | | | NB 126.00 |
| 359 | 7/4/22 | Carpenter, Lonnie | CSG | prepare exhibit A to affidavit of military service | $420.00 | 0.1 | | | $42.00 | | | NB 42.00 |
| 360 | 7/4/22 | Carpenter, Lonnie | CSG | revise motion for default directed to the court | $420.00 | 0.5 | | | $210.00 | | | NB 210.00 |

CARPENTER, LONNIE
detailed statement

| A | B | C | D | F | H | I | J | K | L | M | N | O | Reduction |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 361 | 7/4/22 Carpenter, Lonnie | CSG | revise proposed order of default by court | $420.00 | 0.5 | | | | | $210.00 | | | NB 210.00 |
| 362 | 7/4/22 Carpenter, Lonnie | CSG | revise revise proposed cert of service as to motion for order of default directed to court with affidavit of military service, search results for service respondents and entire matrix | $420.00 | 0.3 | | | | | $126.00 | | | NB 126.00 |
| 363 | 7/4/22 Carpenter, Lonnie | CSG | prepare objection to notice and motion to compel | | 0.3 | | 0.3 | | | | | | NB |
| 364 | 7/6/22 Carpenter, Lonnie | MB | prepare motion for expedited hearing | | | $142.00 | 0.4 | | | | $56.80 | | NB |
| 365 | 7/6/22 Carpenter, Lonnie | MB | | | | $142.00 | 0.3 | | | $42.60 | | | NB |
| 366 | 7/7/22 Carpenter, Lonnie | CSG | call PS Bank as to receipt of notice of free and clear and attachments sent 7.08.22. Spoke with Rhonda. She found nothing but will check with operations | $420.00 | 0.2 | | | | | $84.00 | | | NB 84.00 |
| 367 | 7/8/22 Carpenter, Lonnie | CSG | call from Brian Peterson VP for PS Bank. He will sign an acceptance of service but will not get to it until Monday. He will get Dave Gregory to look at it first | | | | | | | | | | E 85.20 |
| 368 | 7/8/22 Carpenter, Lonnie | CSG | prepare motion to continue all matters | | 0.3 | $142.00 | 0.1 | | | $126.00 | $142.00 | $56.80 | E |
| 369 | 7/8/22 Carpenter, Lonnie | CSG | draft acceptance of service | | 0.3 | | | -1 .4 | | | $28.40 | | E 84.00 |
| 370 | 7/9/22 Carpenter, Lonnie | MB | send text to Lonnie Carpenter asking for Noah's phone number | | | $142.00 | 0.2 | | | | $28.40 | | NB 28.40 |
| 371 | 7/9/22 Carpenter, Lonnie | MB | phone call to Noah Carpenter. We need Lisa Foley's concurrence to continue the hearing on the motion for sale. Lisa was there. M. spoke with her and she concurred | | -0.3 .1 | $142.00 | -0.2 | | | -$126.00 | $42.00 | | E |
| 372 | 7/9/22 Carpenter, Lonnie | MB | email Aggie as to concurrence in continuance of all matters to 7/28/22 | | | $142.00 | 0.1 | | | $14.20 | | | NB 28.40 |
| 373 | 7/11/22 Carpenter, Lonnie | MB | file motion to continue all matters to 7/28/22 | | | $142.00 | 0.2 | | | $28.40 | | | O 28.40 |
| 374 | 7/11/22 Carpenter, Lonnie | MB | serve motion to continue all matters | | | $142.00 | 0.1 | | | $14.20 | | | NB 14.20 |
| 375 | 7/11/22 Carpenter, Lonnie | MB | prepare amended notice for motion for free and clear sale. | | | $142.00 | 0.2 | | | $28.40 | | | NB 28.40 |
| 376 | 7/13/22 Carpenter, Lonnie | MB | file amended notice of Motion for free and clear and cert of service | | | $142.00 | 0.2 | | | $28.40 | | | NB 28.40 |
| 377 | 7/26/22 Carpenter, Lonnie | MB | calculate plan funding for amended plan | | | | 0.9 | | | $168.00 | $127.80 | | NB 127.80 |
| 378 | 7/27/22 Carpenter, Lonnie | MB | prepare second application for default | | | | | | | $420.00 | | | NB 168.00 |
| 379 | 7/27/22 Carpenter, Lonnie | CSG | revise amended notice for motion for free and serve | | 1.0 | | | | | $420.00 | | | NB 420.00 |
| 380 | 7/28/22 Carpenter, Lonnie | CSG | revise deed of conveyance as received from Dave Brann's office said indeed being a revision of the deed that CSG had prepared and sent to Dave Brann for review and revision | $420.00 | 0.5 | | | | | $210.00 | | | NB 210.00 |
| 381 | 7/28/22 Carpenter, Lonnie | CSG | altered virtual hearing | | 0.6 | | | | $252.00 | | | | |

CARPENTER, LONNIE
detailed statement

| # | A | C | D | G | H | I | J | M | N | O | Reduction |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 383 | 7/28/22 | CSG | email order granting motion for fee and clear to Dave Brann office as to which office will prepare the sats with copy to Eden Bucher and request instructions for electronic payment to secured lender | | -0.2 | | | | | | O 84.00 |
| 384 | 7/28/22 | CSG | email from Eden with instructions for electronic payment and offer to prepare set of judgment if Dave does not feel comfortable doing so. send instruction to Dave Brann office for electronic payment to secured lender and forward Eden's email as to her offer to prepare and sign the judgment sat if Dave is uncomfortable doing so. | $420.00 | 0.1 | | | $84.00 | | | P 55.60 |
| 385 | 7/28/22 | CSG | prepare tax to Bradford County Tax Claim Bureau invoking stay | $420.00 | 0.1 | | | $42.00 | $14.20 | | P 27.80 |
| 386 | 7/28/22 | CSG | prepare 4 mortgage satisfactions | $420.00 | 0.2 | | | $84.00 | | | P 27.80 |
| 387 | 7/29/22 | MB | revise schedules I and J | | | $142.00 | 0.3 | | $42.60 | | NB 42.60 |
| 388 | 7/29/22 | MB | prepare request for certified copy of order granting fee and clear | | | $142.00 | 0.2 | | $28.40 | | NB 28.40 |
| 389 | 7/29/22 | MB | cost of certified order | | | $142.00 | 0.2 | | $28.40 | $10.00 | NB 10.00 |
| 390 | 7/28/22 | MB | | | | $142.00 | 0.2 | | $28.40 | | NB 28.40 |
| 391 | 7/30/22 | MB | prepare praecipe to release lien of judgment | | | $142.00 | 0.2 | | $28.40 | | NB 28.40 |
| 392 | 7/30/22 | MB | prepare request for certified copy of order granting fee and clear | | | $142.00 | 0.2 | | $28.40 | | NB 28.40 |
| 393 | 7/30/22 | MB | file request for certified order | | | $142.00 | 0.2 | | $28.40 | | NB 28.40 |
| 394 | 7/31/22 | MB | additional work on 5th Amended plan | | | $142.00 | 0.1 | | $14.20 | | NB 14.20 |
| 395 | 7/31/22 | MB | prepare summary for 5th Amended plan | | | $142.00 | 0.2 | | $28.40 | | NB 28.40 |
| 396 | 8/1/22 | MB | prepare motion to withdraw objection to claim | | | $142.00 | 0.2 | | $28.40 | | NB 28.40 |
| 397 | 8/1/22 | MB | prepare motion to withdraw motion for approval of administrative lease | | | $142.00 | 0.2 | | $28.40 | | NB 28.40 |
| 398 | 8/1/22 | MB | prepare motion to withdraw motion to seal motion for approval of administrative lease | | 0.1 | $142.00 | 0.2 | $42.00 | | | NB 42.00 |
| 399 | 8/2/22 | CSG | draft satisfaction of mortgage 1 | $420.00 | 0.3 | | | $126.00 | | | NB 126.00 |
| 400 | 8/2/22 | CSG | draft satisfaction of mortgage 2 | $420.00 | 0.3 | | | $126.00 | | | NB 126.00 |
| 401 | 8/2/22 | CSG | draft satisfaction of mortgage 3 | $420.00 | 0.3 | | | $126.00 | | | NB 126.00 |
| 402 | 8/2/22 | CSG | draft satisfaction of mortgage 4 | $420.00 | 0.3 | | | $126.00 | | | NB 126.00 |
| 403 | 8/2/22 | CSG | draft satisfaction of assignment of rents as to mortgage 1 | $420.00 | 0.3 | | | $126.00 | | | NB 126.00 |
| 404 | 8/2/22 | CSG | draft satisfaction of assignment of rents as to mortgage 2 | $420.00 | 0.3 | | | $126.00 | | | NB 126.00 |
| 405 | 8/2/22 | CSG | draft satisfaction of assignment of rents as to mortgage 3 | $420.00 | 0.3 | | | $126.00 | | | NB 126.00 |
| 406 | 8/2/22 | CSG | draft satisfaction of assignment of rents as to mortgage 4 | $420.00 | 0.3 | | | $126.00 | | | NB 126.00 |
| 407 | 8/2/22 | CSG | review HUD for sale of real estate fee and clear | $420.00 | 0.4 | | | $168.00 | | | NB 84.00 |
| 408 | 8/3/22 | CSG | revise motion to continue all matters scheduled for hearing on 8/4/22 to 8/18/22 | $420.00 | 0.1 | | | $42.00 | | | NB 42.00 |
| 409 | 8/3/22 | CSG | email to Karen Robertson at Dave Brann Office as to terms missing from proposed HUD | $420.00 | 0.2 | | | $84.00 | | | NB 84.00 |
| 410 | 8/3/22 | CSG | review revised HUD | | | | | | | | |

CARPENTER, LONNIE
detailed statement

| # | Date | Biller | Code | Description | Reduction |
|---|------|--------|------|-------------|-----------|
| 411 | 8/3/22 | Carpenter, Lonnie | CSG | Call from Eden Bucher, discuss failure of bank to wire funds to Susquehanna Capital and undertaking that the funds will be paid tomorrow rather than today and how to handle hearings scheduled for 8/4/22 | |
| 412 | 8/3/22 | Carpenter, Lonnie | CSG | prepare request to withdraw objection to claim | |
| 413 | 8/6/22 | Carpenter, Lonnie | M8 | prepare motion to withdraw answer to motion for relief from stay filed by Susquehanna Capital Management LLC | NB 126.00 |
| 414 | 8/7/22 | Carpenter, Lonnie | M8 | send email to Aggie. Does she concur in motions to withdraw answer to motion for relief, objection to claim, motion for administrative lease, and motion to seal | |
| 415 | 8/8/22 | Carpenter, Lonnie | M8 | postage | |
| 416 | 8/8/22 | Carpenter, Lonnie | | | |
| 417 | 9/8/22 | Carpenter, Lonnie | M8 | send email to client, Atty. Gurdin is trying to contact him to discuss closing costs, solar lease and sale of farm side of property | |
| 418 | 9/9/22 | Carpenter, Lonnie | CSG | call from Dee Watkins, discuss withdrawal of MLS for Lonnie and a listing of the farm side for Noah and Dave and Ruth Morar, discuss current situation | NB 126.00 |
| 419 | 9/9/22 | Carpenter, Lonnie | CSG | call from Lonnie discuss sale of farm side | NB 84.00 |
| 420 | 9/10/22 | Carpenter, Lonnie | CSG | Download as filed closing docs | NB 84.00 |
| 421 | 9/10/22 | Carpenter, Lonnie | CSG | email as filed closing docs to Dee Watkins and again request immediate withdrawal of Lonnie MLS and a listing for farm side for Noah, Dave and Ruth, cc to Lonnie recommending sale of farm side | NB 42.00 |
| 422 | 9/10/22 | Carpenter, Lonnie | M8 | prepare 5th amended plan | E. 426.00 |
| 423 | 9/12/22 | Carpenter, Lonnie | M8 | send email to client. Need proof of income for amended plan | |
| 424 | 9/14/22 | Carpenter, Lonnie | M8 | respond to email from client as to what funding will be included in the amended plan and why we need to file it | |
| 425 | 9/14/22 | Carpenter, Lonnie | M8 | send email to client. Funding for Susquehanna Capital Management LLC will be removed from plan | |
| 426 | 12/15/22 | Carpenter, Lonnie | CSG | email to Tyler Hall on solar lease, attach deed with assignment of lease and reference the assignment provisions in the deed and in the solar lease and request the commencement of rent payments of $2k per month. | NB 84.00 |
| 427 | 12/15/22 | Carpenter, Lonnie | CSG | detailed email to Lonnie as to pending trustee motion to dismiss and the need to bring his plan current as well as the benefits of the super discharge | NB 42.00 |
| 428 | 12/15/22 | Carpenter, Lonnie | CSG | follow-up email to Karen Robertson concerning any progress in obtaining release of the escrowed royalty payments and requesting a response from Dave Brann | |
| 429 | 12/16/22 | Carpenter, Lonnie | CSG | reply to email from Dave Brann as to impending stip with gas company to release escrowed royalty payments. | 42.00 |
| 430 | | | | | |
| 431 | | | | | |
| 432 | | | | | |
| 433 | | | | | |
| 434 | | | | | |
| 435 | | | | | |
| 436 | | | | | |

Page Subtotal - $1,014.00

Total Reduction - $16,679.60